69 F.3d 1034
 150 L.R.R.M. (BNA) 2839, 131 Lab.Cas. P 11,452,
95 Cal. Daily Op. Serv. 8699,
95 Daily Journal D.A.R. 15,055
 NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS, on its own
Behalf and on Behalf of Laborers Local Union No.
185, Plaintiff-Appellee,
v.
PITTSBURG-DES MOINES STEEL CO., Defendant,
and
Pitt-Des Moines, Inc., Defendant-Appellant.
 No. 93-16645.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1995.
Decided Nov. 13, 1995.
 
 William S. Myers, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, Georgia, for defendant-appellant.
 Victor J. Van Bourg, Van Bourg, Weinberg, Roger & Rosenfeld, Oakland, California, for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 OPINION
 WILLIAM A. NORRIS, Circuit Judge:
 
 
 1
 This action to confirm an arbitration award was originally filed in San Francisco Superior Court by the Northern California District Council of Laborers. Defendant Pitt-Des Moines, Inc. removed the action to federal court, asserting federal question and diversity jurisdiction. The district court remanded the case to San Francisco Superior Court on alternative grounds, both of which Pitt-Des Moines now challenges.
 
 
 2
 First, the district court held that a forum selection clause in the collective bargaining agreement vested exclusive jurisdiction in San Francisco Superior Court over actions to confirm arbitration awards.[1] Pitt-Des Moines argues that the forum selection clause was permissive (permitting jurisdiction in Superior Court) rather than mandatory (requiring that actions be brought only in that court).
 
 
 3
 Second, the district court held that Pitt-Des Moines' failure to join P.D.M. Steel Co., a named co-defendant, in the removal petition rendered the petition procedurally defective under 28 U.S.C. Sec. 1441(a). Pitt-Des Moines argues that the district court lacked authority to remand on this basis because the Laborers did not raise the issue of a defect in removal procedure within the 30-day period prescribed by 28 U.S.C. Sec. 1447(c).
 
 We consider these issues in turn.[2]
 
 4
 * Forum Selection Clause
 
 
 5
 The question whether the forum selection clause is mandatory or permissive is a matter of contract interpretation that we review de novo because it does not turn on the credibility of extrinsic evidence.[3] Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir.1987).
 
 
 6
 The forum selection clause reads as follows:
 
 
 7
 [a] decision of the Board of Adjustment ... or the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California.
 
 
 8
 The Laborers interpret the clause to mean that San Francisco Superior Court is the exclusive forum in which arbitration awards may be enforced. Pitt-Des Moines responds that the effect of the clause is merely that both parties consent to jurisdiction and venue in San Francisco Superior Court, but not that they cannot litigate elsewhere. In our view, Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75 (9th Cir.1987), is controlling authority that the forum selection clause at issue here is permissive, as Pitt-Des Moines contends, not mandatory, as the Laborers contend.
 
 
 9
 In Hunt Wesson, the forum selection clause provided that the courts of Orange County, California, "shall have jurisdiction over the parties in any action" arising out of the contract. Id. at 76. In interpreting this language as permissive rather than mandatory, we said:
 
 
 10
 The language says nothing about the Orange County courts having exclusive jurisdiction. The effect of the language is merely that the parties consent to the jurisdiction of the Orange County courts. Although the word "shall" is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction. Thus, [the defendant] cannot object to litigation in the Orange County Superior Court on the ground that the court lacks personal jurisdiction. Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court. In other words, the forum selection clause in this case is permissive rather than mandatory.
 
 
 11
 Id. at 77.
 
 
 12
 To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one. For example, in Hunt Wesson we distinguished the clause at issue in Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 275 (9th Cir.1984), which stated that "this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other)...." Hunt Wesson, 817 F.2d at 77. Similarly, in Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762 (9th Cir.1989), we held that a clause was rendered mandatory by the additional language that "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." Id. at 764. In distinguishing Hunt Wesson, we said
 
 
 13
 [t]his language requires enforcement of the clause because Docksider not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia. This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county. Thus, whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted in Virginia.
 
 
 14
 Id.
 
 
 15
 These cases demonstrate that the forum selection clause now before us is permissive. The language "shall be enforceable" is no less permissive than the "shall have jurisdiction" language in Hunt Wesson. The clause does not contain additional language such as "venue ... shall be deemed to be in Gloucester County," which, in Docksider, designated the state court as the exclusive forum. Nor does it contain the type of mandatory language at issue in Pelleport (cases may be litigated "only in" Los Angeles). In sum, we follow Hunt Wesson in holding that the "shall be enforceable" language at issue here is permissive, not mandatory, because it does not contain language "clearly requir[ing] exclusive jurisdiction." Hunt Wesson, 817 F.2d at 77.
 
 II
 Defect in Removal Procedure
 
 16
 A remand motion based on a defect in removal procedure must be filed within 30 days after the notice of removal is filed. 28 U.S.C. Sec. 1447(c).[4] The Laborers' remand motion was filed within 30 days after removal, but it was based solely on the argument that the forum selection clause required remand to San Francisco Superior Court. The Laborers did not raise a defect in removal procedure as a ground for remand until they filed a reply brief more than 30 days after the filing of the removal petition.
 
 
 17
 Pitt-Des Moines argues that the district court had no jurisdiction to order a remand based upon a defect in removal procedure because the issue was not raised within the 30-day time period prescribed by Sec. 1447(c). The Laborers respond that it is of no consequence that the issue was not raised within the 30-day time limit because Sec. 1447(c) establishes only the time by which a remand motion must be filed, not the time by which any particular argument must be raised. The narrow question presented, therefore, is whether Sec. 1447(c) requires that a defect in removal procedure be raised within 30 days after the filing of the removal petition, as Pitt-Des Moines contends, or whether Sec. 1447(c) permits a procedural defect to be raised after the 30-day period as long as the defect is raised in connection with a timely motion to remand.
 
 
 18
 We first address the threshold question whether a remand order based upon a defect in removal procedure is subject to appellate review. Although Sec. 1447(d) on its face appears to withdraw all appellate jurisdiction to review remand orders,[5] the statute is not without exceptions. See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351-52, 96 S.Ct. 584, 593-94, 46 L.Ed.2d 542 (1976). We agree with the Seventh Circuit that, under Thermtron, we have jurisdiction "to decide whether a district court has the power to do what it did [in issuing a remand order], although we cannot examine whether a particular exercise of power was proper." In re Continental Casualty Co., 29 F.3d 292, 294 (7th Cir.1994) (reviewing a remand order to decide whether it was issued in excess of the district court's authority). Because a district court lacks power to issue a remand order in violation of Sec. 1447(c), see Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir.1992) (failure to comply with the 30-day time limit deprives a district court of power to order a remand on the basis of a defect in removal procedure), we have jurisdiction to decide whether the Laborers acted in compliance with the statute when they raised the alleged defect in removal procedure for the first time in their reply brief. That question goes to the district court's power to order a remand, not to the merits of the court's finding of a defect in removal procedure.
 
 
 19
 We now turn to the question whether the Laborers complied with Sec. 1447(c). As we read the statute, it requires that a defect in removal procedure be raised in the district court within 30 days after the filing of the notice of removal. In other words, the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand. Any other reading of the statute would elevate form over substance. The purpose of the 30-day time limit is "to resolve the choice of forum at the early stages of litigation," and to "prevent the 'shuffling [of] cases between state and federal courts after the first thirty days.' " Maniar, 979 F.2d at 785, 786 (quoting FDIC v. Loyd, 955 F.2d 316, 322 (5th Cir.1992)). The statutory purpose served by requiring defects in removal procedure to be raised promptly would be defeated if a party were free to raise such a procedural defect more than 30 days after the filing of the notice of removal.
 
 
 20
 We hold that Sec. 1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed. Accordingly, the district court had no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal.
 
 
 21
 The district court's order remanding the case to state court is hereby VACATED.[6]
 
 
 
 [1]
 A remand order based on a forum selection agreement is appealable as a collaterally final order. Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 277-78 (9th Cir.1984)
 
 
 [2]
 Pitt-Des Moines also appeals the district court's denial of its motions to quash service on P.D.M. Steel Co. and to amend the removal petition to join P.D.M. Steel Co. Because we vacate the remand order, we need not address the district court's denial of these motions
 
 
 [3]
 The Laborers cite Spradlin v. Lear Siegler Management Servs., 926 F.2d 865 (9th Cir.1991) for the proposition that a remand order based on a forum selection clause is reviewed for an abuse of discretion. In Spradlin, however, the plaintiff challenged the forum selection clause in his employment agreement on the ground that fraud and unequal bargaining positions rendered the clause unenforceable. Because the issue here concerns the meaning of the clause rather than its enforceability, we exercise de novo review
 
 
 [4]
 Sec. 1447(c) provides: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)."
 
 
 [5]
 Sec. 1447(d) provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."
 
 
 [6]
 The remand order included an award of attorneys' fees to the Laborers under 28 U.S.C. Sec. 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal."). Because the remand order is vacated, the order's award of attorneys' fees is necessarily vacated as well