## Alice DAVIS

v.

## CIBA-GEIGY CORPORATION.

### Civil Action No. 96–7541–B–M2.

United States District Court,
M.D. Louisiana.

April 15, 1997.

---

Denise Ann Vinet, Vinet & Vinet, Baton Rouge, LA, for Plaintiff.

Ralph J. Zatzkis, Fisher & Phillips, New Orleans, LA, Howard B. Jackson, Fisher & Phillips Atlanta, GA, for Defendant.

1. See State Court Petition, Para. 17, 20.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on a motion to remand filed by plaintiff. For reasons which follow, the motion is denied.

### FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action in the 18th Judicial District Court, Parish of Iberville, State of Louisiana on November 20, 1996 alleging causes of action for employment discrimination under Title VII of the Civil Rights Act of 1964 and La. R.S. 51:2242, and for defamation.[1] Ciba–Geigy Corporation ("Ciba–Geigy") timely removed this action to federal court on the basis of federal question jurisdiction. Ciba–Geigy also asks this Court to exercise its supplemental jurisdiction over the state law claims. Plaintiff timely filed a motion to remand on January 7, 1997 wherein plaintiff asserted that this Court lacked subject matter jurisdiction. On February 28, 1997, plaintiff filed a reply memorandum in support of her motion to remand where plaintiff, for the first time, contended that defendants failed to comply with the removal procedure because all served defendants did not consent to the removal. Ciba–Geigy argues that plaintiff has waived her right to argue that there is a defect in removal procedure because the plaintiff waited more than 30 days after this action was removed to raise the defect as a ground for remand.

Thus, there are two issues before this Court. The first issue "is whether [28 U.S.C.] § 1447(c) requires that a defect in removal procedure be raised within 30 days after the filing of the removal petition, ... or whether § 1447(c) permits a procedural defect to be raised after the 30–day period as long as the defect is raised in connection with a timely motion to remand."[2] The second issue is whether this Court has subject matter jurisdiction to hear these claims.

2. *Northern California District Council of Laborers v. Pittsburg–Des Moines Steel Co.,* 69 F.3d 1034, 1037 (9th Cir.1995).

## DEFECT IN REMOVAL PROCEDURE

■ As stated above, plaintiff asserted for the first time, on February 28, 1997 (over 2½ months after the case was removed to federal court), that Ciba–Geigy failed to obtain the consent of all served defendants to remove this suit to federal court. Section 1447(c) states "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after filing of the notice of removal under section § 1446(a)." "In other words, the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand." [3] The purpose of the 30–day period is "to resolve the choice of forum at the early stages of litigation," and to "prevent the shuffling [of] cases between state and federal courts after the first thirty days.' " [4] This Court agrees with the decision rendered by the court in *Pittsburg–Des Moines* that "[t]he statutory purpose served by requiring defects in removal procedure to be raised promptly would be defeated if a party were free to raise such a procedural defect more than 30 days after the filing of the notice of removal." [5]

■ In this case, the defect in removal procedure was first raised in the reply memorandum filed by plaintiff over 2½ months after the notice of removal was filed. Therefore, since plaintiff failed to object to any defect in removal procedure within 30 days of the filing of the notice of removal, the Court finds that plaintiff has waived her objection to any defect in the removal procedure. The Court further holds that the filing of a timely motion to remand, which did not allege any defect in removal procedure, does not preserve plaintiff's right to object to defect in removal procedure after the 30–day period set forth in § 1447(c) has expired.

## SUBJECT MATTER JURISDICTION

Plaintiff asserted in paragraph 17 of her state court petition a cause of action for employment discrimination pursuant to the Federal Civil Rights Act of 1964. Clearly, this Court has federal question jurisdiction to hear this claim. The Court also chooses to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over plaintiff's pending state law claims since these state law claims are directly related to the federal claim.

## CONCLUSION

In conclusion, the Court finds that since plaintiff did not object to the alleged defect in the removal procedure within 30 days after removal, plaintiff waived the right to object to any defect in removal procedure. Furthermore, the Court finds it has federal question jurisdiction over the employment discrimination claim under the Federal Civil Rights Act of 1964, and the Court chooses to exercise supplemental jurisdiction over all remaining state law claims.

Therefore:

IT IS ORDERED that plaintiff's motion to remand be and it is hereby DENIED.

---

**3.** *Pittsburg-Des Moines,* 69 F.3d at 1038.

**4.** *Maniar v. FDIC,* 979 F.2d 782, 785–86 (9th Cir.1992) (quoting *FDIC v. Loyd,* 955 F.2d 316, 322 (5th Cir.1992)).

**5.** *Pittsburg-Des Moines,* 69 F.3d at 1038.