United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40858
Summary Calendar
_____

RAYMOND DIXON,

      Plaintiff-Appellee,

                    versus

TSE INTERNATIONAL INC.,

      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is whether the contract entered into by the plaintiff, Raymond Dixon, and the defendant, TSE International, waived TSE's right to remove this suit to federal court. The district court concluded that it did, and we agree.

On January 10, 2002, Dixon, a Texas resident, filed suit against TSE, a Louisiana corporation, in the district court of San Augustine County, Texas. The petition asserted claims for breach of contract, fraud, and misrepresentation concerning royalties

allegedly due from the sale of a certain Tree Trimmer product sold by TSE.

On February 13, 2002, TSE removed the case to the United States District Court for the Eastern District of Texas. Shortly thereafter, Dixon filed a motion to remand, arguing that TSE was contractually bound to have the dispute litigated in Texas state court. The district court interpreted the contractual provision cited by Dixon and agreed, finding that per the contract TSE had waived its rights to defend suit in federal court.

Neither party disputes that the contract on which the suit is based is an October 31, 1986 Technical Information and Patent License Agreement entered into by Dixon and TSE. The section of the contract in dispute provides:

> This Agreement shall be deemed to be made in Texas, U.S.A., and shall be governed by and construed in accordance with the laws of the State of Texas, U.S.A., as if it were made and wholly performed there[;] provided, however, that all questions concerning the construction and effect of PATENTS shall be governed by the laws of the country where the PATENT is issued. *The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise.*

The district court held that this contractual provision required remand because it mandated that all disputes be litigated in the Texas state court. Although TSE argued that the provision should be read to include both state and federal courts in Texas, the trial court concluded that "the word 'of' is 'used as a function

2

word to indicate belonging or a possessive relationship,'" and that "the federal courts of the Eastern District of Texas are not courts *of* Texas because they do not belong to Texas, but rather are courts *of* the United States."

We have jurisdiction to entertain this appeal of a contractual remand order.[*] The district court correctly interpreted the contract at issue. Federal district courts may be *in* Texas, but they are not *of* Texas. *Black's Law Dictionary* defines "of" as "denoting that from which anything proceeds; indicating origin, source, descent."[**] Federal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions. By agreeing to litigate all relevant disputes solely in "the Courts of Texas," TSE waived its right to removal. The contractual remand order was proper.

AFFIRMED.

---

[*] *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) ("Contractual remand orders are reviewable by direct appeal.").

[**] BLACK'S LAW DICTIONARY 1232 (4th ed. 1968).

3