F I L E D
United States Court of Appeals
Tenth Circuit

SEP 10 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MICHAEL J. KING,

      Plaintiff-Appellant,

v.

PA CONSULTING GROUP, INC.,
a New Jersey Corporation,

      Defendant-Appellee.

No. 02-1560
(D.C. No. 02-B-1874 (BNB))
(D. Colo.)

ORDER AND JUDGMENT *

Before **EBEL** , **PORFILIO** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Michael J. King appeals from a district court order dismissing his action for a declaration of contract rights without prejudice in favor of an action for breach of the same contract currently prosecuted by defendant PA Consulting Group in New Jersey. Following circuit precedent decided after the district court ruled here, we hold that its otherwise discretionary ruling regarding venue was premised on an erroneous legal characterization of a provision in the parties' contract. We therefore vacate the dismissal order and remand the case for the district court to exercise its discretion anew on the basis of a proper construction of this pivotal contract provision.

In the summer of 2002, plaintiff notified PA that he planned to leave its employ and hire on with a rival. PA insisted this would violate non-compete provisions in his contract. Plaintiff claimed the provisions were unenforceable. While the parties were attempting to negotiate their differences, plaintiff filed the instant declaratory judgment action seeking to void the disputed provisions. He did not, however, serve the complaint on PA. Consequently, when the parties' negotiations broke down shortly thereafter, PA filed a breach of contract suit in New Jersey state court pursuant to section 17.2 of the contract:

> This agreement and all matters arising in connection with it shall be governed by the law of the State of New Jersey and shall be subject to the jurisdiction of the New Jersey Courts.

Aplt. App. at 20.

-2-

Plaintiff then immediately served the pleadings in his declaratory judgment action on PA, which moved in the alternative to dismiss for improper venue under 28 U.S.C. § 1406(a) or to transfer the action to New Jersey on forum-convenience grounds under 28 U.S.C. § 1404(a), contending the quoted provision effected a mandatory selection of New Jersey as the exclusive forum for resolving contract disputes. Plaintiff opposed PA's motion, insisting the provision merely permitted but did not require venue in New Jersey and that the factors pertinent to § 1404(a) showed that Colorado was the more appropriate forum. In the meantime, PA's New Jersey action for breach of contract was removed to federal court.

The district court agreed with PA that the disputed provision constituted a mandatory forum-selection clause, and then weighed the considerations relevant to § 1404(a) in light of that legal conclusion. Following *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), the district court held that the clause did not override or obviate the § 1404(a) inquiry, but did play a central role in weighting and balancing the many factors in the convenience calculus. *Accord Kerobo v. S.W. Clean Fuels Corp.*, 285 F.3d 531, 536-39 (6th Cir. 2002); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995). In the end, the district court relied heavily on its mandatory characterization of the forum-selection clause to conclude that the balance tipped in favor of PA's New Jersey suit.

While the district court's reasoning is explicit and straightforward, there is, strictly speaking, a disjunction between its reasoning and its formal disposition of the case, which has prompted a dispute between the parties regarding our standard of review. As noted above, upon determining that the quoted provision was a mandatory forum-selection clause, the court did not immediately and peremptorily dismiss this action under § 1406(a); rather, following the Supreme Court's lead in *Stewart*, it proceeded to analyze the relative convenience of the venue-of-filing versus the venue-of-contract pursuant to § 1404(a). However, after deciding that the venue-of-filing should give way, it did not transfer the action to the federal court presiding over the rival New Jersey suit, which would have been in accord with the exclusive remedy provided for in § 1404(a), *see generally* 17 James Wm. Moore, *Moore's Federal Practice* § 111.19, at 111-131 & nn.1, 2 (3d ed. 2003) (citing *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994), and *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)); *Headrick v. Atchison, T. & S.F. Ry. Co.*, 182 F.2d 305, 308 (10 th Cir. 1950). Instead, it "ordered that: Defendant's motion to dismiss pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3) is granted without prejudice." Aplt. App. at 319 (typeface altered).

Plaintiff seizes upon the reference to dismissal under § 1406(a) to invoke the de novo review generally accorded determinations of improper venue under that statute. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6 th Cir. 1998);

*see also Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10 th Cir. 1998). Defendant, in contrast, points to the substance of the court's preceding analysis under *Stewart* and § 1404(a) to invoke the deferential abuse-of-discretion standard generally applied to assessments of convenience under that statute. [1] *See Scheidt v. Klein*, 956 F.2d 963, 965 (10 th Cir. 1992). For purposes of the pivotal issue on which our disposition of the appeal turns, this dispute is inconsequential. Whether the contract effects a mandatory or permissive forum designation is an issue of law reviewed de novo, even if it arises in connection with a discretionary assessment of convenience under § 1404(a). *See Jumara*, 55 F.3d at 880-81; *see also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1345 (10 th Cir. 1992). And an error on this legal issue would necessarily undermine the district court's resultant exercise of discretion. *See Hartsel v. Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 987 (10 th Cir. 2002).

---

[1] Another, related consideration driving the parties' opposing positions has to do with the proper characterization of our review authority: plaintiff relies on the formal order of dismissal to underwrite our appellate jurisdiction under traditional principles of finality; defendant argues that under § 1404(a) the order should have been–and, more importantly, should now be deemed–an interlocutory transfer challengeable only through mandamus. On this jurisdictional point, we agree with plaintiff that the express terms of the court's order control, as we "decline to recast the relevant procedural events after the fact in such a way as to cut off appeal rights." *United States v. Bly*, 328 F.3d 1262, 1263 n.1 (10 th Cir. 2003). Of course, that is not to say dismissal was the *correct* disposition of the case; the authorities cited above indicate that the courses open to the district court here under § 1404(a) were limited to transfer or retention of the case.

We come to the dispositive issue: did the parties's contract effect a mandatory, exclusive designation of venue in New Jersey? The contract did not refer to venue. To be sure, the parties agreed to submit to jurisdiction in New Jersey and to resolve their disputes by reference to New Jersey law. But a mandatory designation of venue is not effected by either of these stipulations. It confuses substance with procedure to conflate choice-of-law provisions with forum-selection clauses. *See Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 (7 th Cir. 1993); *see also Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 191 (4 th Cir. 1998) (noting choice-of-law provision "in no way designated any one court as the exclusive forum" in which the chosen law would be applied). Jurisdiction and venue, in contrast, do share a basic focus on the location of litigation and, indeed, a clause specifying a forum for jurisdiction may mandate that forum for purposes of venue as well, if it "contains clear language showing that jurisdiction is appropriate *only* in the designated forum." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10 th Cir. 1997) (quotation omitted and emphasis added). There is no such clear language of exclusivity in the provision under review.

It is true that the provision uses the legally freighted term "shall" in connection with the parties' submission to New Jersey jurisdiction. But, as a number of courts dealing with similar provisions have carefully explained, the

plain meaning of the term here indicates that the jurisdictional burden assumed is

*obligatory* , not that it is  *exclusive* .  In *Hunt Wesson Foods, Inc. v. Supreme Oil*

*Co.* , 817 F.2d 75, 76 (9  th Cir. 1987), the court considered a clause reciting that

"[t]he courts of California, County of Orange, shall have jurisdiction over the

parties in any action relating to . . . this contract."  The court held this language

did not mandate a California venue because the submission to jurisdiction, though

certainly binding (California jurisdiction could not be denied), was not exclusive

(jurisdiction outside California had not been renounced):

> Here, the plain meaning of the language is that the Orange County
> courts shall have jurisdiction over this action.  The language says
> nothing about the Orange County courts having exclusive
> jurisdiction.  The effect of the language is merely that the parties
> consent to the jurisdiction of the Orange County courts.

*Id.* at 77.  The court's discussion of the mandatory but nonexclusive import of the

term "shall" is particularly relevant here:

> Although the word 'shall' is a mandatory term, here it mandates
> nothing more than that the Orange County courts have jurisdiction.
> Thus, [the defendant] cannot object to litigation in the Orange
> County Superior Court on the ground that the court lacks personal
> jurisdiction.  Such consent to jurisdiction, however, does not mean
> that the same subject matter cannot be litigated in any other court.  In
> other words, the forum selection clause in this case is permissive
> rather than mandatory.
>
> In comparison, in cases in which forum selection clauses have
> been held to require litigation in a particular court, the language of
> the clauses clearly required    *exclusive* jurisdiction. . . .  In [such]
> cases it is clear that the language mandates more than that a
> particular court has jurisdiction.  The language mandates that the

designated courts are the only ones which have jurisdiction. Here the language clearly falls short of designating an exclusive forum.

*Id.* at 77-78. The Ninth Circuit reaffirmed *Hunt Wesson* in *Northern California District Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036-37 (9 th Cir. 1995); the Fifth Circuit expressly adopted its analysis in *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127-28 (5 th Cir. 1994); and just last year this circuit specifically cited *Hunt Wesson* to illustrate the prevailing approach to forum-selection clauses it was embracing in *K & V Scientific Co. v. BMW*, 314 F.3d 494, 499 (10 th Cir. 2002). [2]

In holding that the provision here constituted a mandatory forum-selection clause notwithstanding these considerations, the district court relied on a decision from the federal district court in New Mexico, which held that a clause specifying jurisdiction in Munich, Germany effected a mandatory designation of venue because it included choice-of-law language making German law controlling. *See K & V Scientific Co. v. BMW*, 164 F. Supp. 2d 1260, 1270-71 (D. N.M. 2001).

---

[2] We emphasize that the issue here is whether a recognition-of-jurisdiction provision implies an exclusive selection of venue. Use of mandatory language like "shall" in a clause dealing *directly with venue* carries stronger implications regarding the intent to designate an exclusive forum. *See Milk 'N' More*, 963 F.2d at 1346 (holding clause stating that "venue shall be proper . . . in" effected an exclusive designation of forum). When, as here, the relation of such language to the question of venue is at most derivative, through a jurisdictional provision, decisions such as "*Milk 'N' More* . . . are of little assistance in resolving the . . . dispute." *K & V Scientific*, 314 F.3d at 498-99.

Shortly after the district court's ruling, however, this court reversed the decision from the district of New Mexico–indeed, the panel "ha[d] little trouble concluding that the forum selection clause at issue is permissive"–in an opinion we have already referred to above. *K & V Scientific*, 314 F.3d at 500. More specifically, this court rejected the idea that submission-to-jurisdiction plus choice-of-law equals mandatory designation-of-venue, holding that "the parties' choice of law provision (even assuming that it is binding and controls all of plaintiff's claims) appears to carry little, if any, weight in determining whether the parties' forum selection clause was intended as mandatory or permissive." *Id.* at 501. We also note that *K & V Scientific* cited with evident approval two decisions (the *Hunt Wesson* case discussed above and *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5 th Cir. 1974)) which the district court here specifically discounted as inconsistent with what it took to be the controlling analysis in the circuit. *Compare K & V Scientific* at 499 *with* Aplt. App. at 316.

For the foregoing reasons, we hold that the provision under consideration effected only a permissive selection of venue in New Jersey. Because the district court's legal characterization of the provision as mandatory played such a central role in its forum-convenience analysis under § 1404(a), its decision to dismiss cannot stand on its stated rationale (thus, it was necessarily erroneous to hold that the provision made venue not just inconvenient under § 1404(a) but improper

under § 1406(a)).  Because the assessment of forum convenience is reserved to the discretion and case-specific judgment of the district court, *see Stewart*, 487 U.S. at 29, our ability to affirm here by undertaking our own re-assessment of the matter (in light of the proper understanding of the forum-selection clause as permissive) is greatly circumscribed.  Such an affirmance could be premised only on the conclusion that "it would have been an abuse of discretion for the trial court to rule otherwise."  *Ashby v. McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003) (discussing when appellate court can rely on different reasoning to affirm decision committed to discretion of district court) (quotation omitted).  There are many procedural, practical, and fact-intensive considerations to be weighed in the balance, *see Chrysler Credit Corp. v. Country Chrysler*, *Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991), and the legal clarification of the forum-selection clause as permissive may affect these in ways which are difficult if not impossible for an appellate court in the first instance to frame and evaluate, as it must, in terms "sufficient to permit conclusions of law."  *Ashby*, 331 F.3d at 1151 (quotation omitted).  At this stage,

> we cannot say the only legally permissible exercise of [§ 1404(a)] discretion would be to [transfer] the case, though it is not for us to gainsay that result either.  Hence, we must allow the district court to exercise its discretion anew in light of the changed legal circumstances clarified by this opinion.

*Id.* at 1151 (quotation omitted).

We are aware of the district court's comment that "[i]f the mandatory selection clause did not exist, the balance of the factors would weigh in favor of Plaintiff [i.e., of retaining the case in Colorado]." Aplt. App. at 319. This does not persuade us that it would be appropriate to preemptively order the court to resolve the § 1404(a) question in favor of retention. First of all, the comment is dictum and we are hesitant to speculate about whether the district court would legally commit to, or perhaps reconsider, views it previously expressed in a non-binding manner. Morever, the counterfactual premise of the dictum is *still* counter to the facts: the force of the forum-selection clause has been reduced, from prescriptive designation to permissive recognition of New Jersey venue, but the clause has not *disappeared*. *See generally* 17 *Moore's Federal Practice,* § 111.13[1][p][C] (noting that even permissive forum-selection clauses are given consideration in the § 1404(a) convenience calculus). Finally, there appear to be other relevant considerations which the district court has not yet addressed and which it may see as especially significant now that the forum-selection clause no longer figures so prominently. [3]

---

[3] For example, defendant contends on the basis of numerous authorities that the relatively favorable position plaintiff secured by being the first to file could be undercut if the district court were to find that plaintiff rushed to the courthouse with this anticipatory declaratory judgment action while maintaining a negotiating stance designed to lull defendant into delaying its own affirmative suit for breach of contract.

Accordingly, informed by this court's recent decision in *K & V Scientific*, we vacate the district court's ruling on venue and remand for reconsideration in light of our holding that the parties' contractual references to New Jersey law and New Jersey jurisdiction effected only a permissive forum selection. Should the district court again decide that these proceedings must give way to those pending in the district of New Jersey, it should dispose of the case by transfer rather than by dismissal.

The district court's judgment is VACATED and the cause is REMANDED for further proceedings consistent with the principles stated herein. The parties' pending motions regarding judicial notice are DENIED.[4]

Entered for the Court


John C. Porfilio
Circuit Judge

---

[4] The parties ask us to take judicial notice of many legal documents from the New Jersey case. These are irrelevant to our basis for disposition of this appeal. Of course, our denial of the parties' requests is without prejudice to presentation of the materials to the district court on remand.