**CITY OF FRISCO**

v.

**Chang Su O LIN.**

**No. 4:04CV298.**

United States District Court,
E.D. Texas,
Sherman Division.

Sept. 28, 2004.

Richard Mercer Abernathy, Charles Joseph Crawford, Abernathy Roeder Boyd & Joplin, McKinney, TX, for Plaintiff.

Christopher John Caso, Sr, Caso Egelston & Eckert, Plano, TX, for Defendant.

## ORDER

BUSH, District Judge.

Before the Court is the City of Frisco's (Frisco) Motion to Remand. Chang Su O Lin, a citizen of the Republic of Taiwan, removed this condemnation action from Collin County Court at Law Number 3. Frisco, by condemnation, acquired a roadway easement across property owned by Lin. According to the documents attached to the notice of removal, it appears that the Commissioners awarded $304,451.00 to Lin. This award was filed on or about June 16, 2004.

Lin filed her objections to the award on or about July 1, 2004. Lin removed this case on August 18, 2004, more than 30 days after she filed her objections. Lin states the removal is based on diversity of citizenship, in that Lin is a citizen of Taiwan and the amount in controversy exceeds $75,000. Frisco has filed a Motion to Remand, arguing that Lin can not satisfy the requirements of 28 U.S.C. Section 1443(1) in that she has not been denied nor shown that she had been denied her civil rights in a state court of law.

Frisco's objection is misplaced. No other statute is invoked other than 28 U.S.C. Section 1332. The Commissioners filed their award in the amount of $304,451.00 on or about June 16, 2004. Lin timely filed her objections to the award. The filing of an objection to a condemnation award converts the administrative hearing into a civil proceeding. Tex. Prop.Code Ann. § 21.018(a) (Vernon 2003). Upon the *filing* of objections, the Special Commissioner's award is vacated and the administrative proceeding converts into a normal pending cause in the state court with the condemnor as plaintiff and condemnee as the defendant. *See Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240, 242 (Tex.1984) (emphasis added). The question here is whether the provisions of 28 U.S.C. Section 1446 start to run on the date of filing of objections or only when the plaintiff obtains service on the adverse party, here the City. If the 30 day period runs from filing, Lin's removal was not timely.

Lin's filing of her objections merely reactivates the suit originally filed by Frisco and indicates an additional issue for trial. *See State v. Carlton,* 901 S.W.2d 736 (Tex.App.-Austin 1995, no writ). It appears that Lin served a copy of the objections upon Frisco's counsel of record. The certificate of service notes that it was sent on June 25, 2004. The Court does not have information before it as to when counsel received the objections. 28 U.S.C. Section 1446 speaks to the action by the plaintiff in triggering the 30 day removal period. When the initial pleading does not give a right for removal, such may be satisfied through receipt by service or otherwise of an amended pleading, motion, order or other paper. In this case, the defendant attempts to remove on the basis of her affirmative action, but not that of the plaintiff, Frisco.

Texas Property Code Section 21.018 requires that objections be filed. The service of citation on the opposing party is the key event for a condemnation proceeding to be converted from an administrative proceeding to a civil case. Without service of citation, the condemnation remains an administrative proceeding. *See Id.* However, other cases hold that the filing of objections alone converts the proceeding into a civil one. *See Musquiz v. Harris County Flood Control Dist.,* 31 S.W.3d 664 (Tex.App.—Hous. [1st Dist.] 2000, no pet.); *Metro. Transit Auth. of Harris County v.*

*Graham,* 105 S.W.3d 754 (Tex.App.-Houston [14th Dist.] 2003, pet denied).

■ Failure to file objections within a reasonable time merely reinstates the Commissioner's award. *Musquiz,* 31 S.W.3d at 667. Although Texas Property Code Section 21.018 states that upon filing objections, the court shall cite the adverse party, case law interprets the statute to require that the objecting party obtain service. Some older cases have held that this requirement of service can be waived. *See Texarkana & Fort Smith R. Co. v. Brinkman,* 288 S.W. 852 (Tex.Civ.App.1926). Federal law, not state law, determines whether a matter is a civil action subject to removal. *See Cowart Iron Works, Inc. v. Phillips Constr. Co.,* 507 F.Supp. 740 (D.C.Ga.1981). A judicial review of an administrative condemnation proceeding is, by nature, a civil action and subject to removal by the defendant. *See Chicago R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 578–79, 74 S.Ct. 290, 98 L.Ed. 317 (1954).

■ The Court holds that upon filing objections, the case is subject to removal. The Court further holds that service of the objections on the adverse party by the landowner is not necessary for removal, particularly, as in this case, where the defendant's action is the determinative factor for removal. If Frisco, rather than Lin, had filed objections, then Lin would have 30 days from the service of the objections by the City to remove. Notice of the suit or action is at the heart of the removal statute. Here, the landowner certainly had notice of the award when she filed her objections. The requirement of service is one of reasonable service. There is no time line for service. If service of the objections is required for removal, then the landowner could wait weeks or months before attempting removal. This would defeat the purpose of Section 1446 mandating prompt removals. Lin's removal was not timely and therefore, is subject to remand.

However, in this case, the City has failed to urge the lack of timeliness as a ground for remand. 28 U.S.C. Section 1447(c) states that a motion to remand on the basis of any defect in the removal procedure must be made within 30 days after filing of the notice of removal. This requirement is necessitated by the requirement that forum considerations be resolved early on in litigation. *See Davis v. Ciba–Geigy Corp.,* 958 F.Supp. 264 (M.D.La.1997). The filing of a timely motion to remand which does not allege any defect in the removal procedure, waives the right to object to such defect. *Id.* The City's failure to raise this issue prevents the Court from remanding the case.

It is therefore ORDERED that the City of Frisco's Motion to Remand is DENIED.