Maria G. HOLGUIN, Plaintiff,

v.

**ALBERTSON'S LLC and Albertson's Holdings, LLC, Defendants.**

**No. EP–07–CV–263–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Jan. 15, 2008.

Daniela Labinoti, Jeffrey B. Pownell, Scherr, Legate & Ehrlich, PLLC, El Paso, TX, for Plaintiff.

Milton C. Colia, Kemp Smith, PC, El Paso, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Maria G. Holguin's "Motion to Remand

and for Sanctions," ("Motion") filed on August 27, 2007; Defendants Albertson's LLC and Albertson's Holdings LLC's "Response to Plaintiff's Motion to Remand and for Sanctions," ("Response") filed on August 28, 2007; and Plaintiff's "Reply to Defendants' Response to Plaintiff's Motion to Remand," ("Reply") filed on September 5, 2007, in the above-captioned cause. After due consideration, the Court is of the opinion that Plaintiff's Motion should be denied for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on August 22, 2005, she was injured when she slipped and fell on Defendants' premises. Pl.'s Mot. ¶ 2. She alleges that she injured her legs and other parts of her body. Pl.'s Orig. Pet. 2. Plaintiff seeks damages for past and future medical expenses, and pain and suffering. *Id.* She also seeks damages resulting from an inability to perform household duties. *Id.* On May 9, 2006, Plaintiff sent a demand letter to Defendants, offering to settle her claim for $500,000. Pl.'s Mot. ¶ 3.

Nearly one year after sending Defendants the demand letter, Plaintiff filed her Original Petition in the County Court at Law Number Six, in El Paso County, Texas, on May 2, 2007. Defs.' Not. of Removal ¶ 1. In her Original Petition, Plaintiff did not include a specific dollar amount of damages sought, but indicated that she sought "an award ... within the jurisdictional limits of this Court." *Id.* at ¶ 3. Defendants were served with a copy of Plaintiff's Original Petition on May 15, 2007. Defs.' Resp. to Pl.'s Mot. ¶ 2. They filed an answer on May 22, 2007, and served Plaintiff with requests for disclosures, the responses to which were received by counsel for Defendants on July 10, 2007. *Id.* at ¶¶ 1–2. Plaintiff's responses to the disclosure request indicate she is seeking more than $675,000 in damages. *Id.* at ¶ 3. Thereafter, Defendants filed their Notice of Removal on July 27, 2007. Defs.' Not. of Removal. ¶ 1. Plaintiff filed her Motion to Remand and for Sanctions on August 27, 2007. Pl.'s Mot. ¶ 1.

## II. LEGAL STANDARD FOR REMAND

A party may remove an action to federal court if the action is one over which the federal court has subject matter jurisdiction. 28 U.S.C. § 1441(a). However, the jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). As such, there is a presumption against the existence of federal jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* The removing party must establish "that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). However, "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Any doubts as to the propriety of removal should be construed in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

District courts have original jurisdiction over actions in which the requirements for diversity jurisdiction are satisfied. 28 U.S.C. § 1332. Diversity jurisdiction requires (1) a complete diversity of citizenship among the parties, and (2) an amount in controversy in excess of $75,000. *Id.* at § 1332(a).

Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading," or, "if the case stated by the initial

pleading is not removable, ... within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added).

## III. ANALYSIS OF MOTION FOR REMAND

### A. Timeliness

■ Defendants filed their Notice of Removal on July 27, 2007, seventeen days after receiving Plaintiff's responses to their requests for disclosure, and seventy-four days after receiving Plaintiff's Original Petition. Defs.' Not. of Removal ¶ 1. Plaintiff contends that Defendants had notice the cause was removable when they were served with her Original Petition, having received her pre-suit demand letter seeking damages of $500,000 nearly one year prior to her filing suit. Pl.'s Mot. ¶ 6. Initially, she argued that removal was untimely because Defendants removed the cause more than thirty days after receiving her Original Petition. *Id.*

Defendants assert that their removal was timely because the thirty day time limit for removal was not triggered when they were served with Plaintiff's Original Petition. Defs.' Resp. to Pl.'s Mot. ¶¶ 6–7. Rather, Defendants argue that Plaintiff's responses to their disclosure requests constitute the "other paper" that demonstrates the removability of the cause. *Id.*

at ¶ 7. Defendants rely on *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992), in which the Fifth Circuit held that a pre-suit document does not trigger the thirty day time limit for removal. *Id.*

In her Reply to Defendants' Response, Plaintiff acknowledges that *Chapman* precludes her argument with respect to the timeliness of Defendants' removal. Pl.'s Reply to Defs.'s Resp. to Pl.'s Mot. ¶ 1. However, she notes that other federal courts have held that a removing party has a duty to investigate whether a cause might be removable on the basis of pre-suit documents, and suggests that the Supreme Court would find a failure to remove in the instant case to be untimely.[1] *Id.* at ¶ 4.

The Court finds that in the instant case, the thirty day time limit for removal was not triggered until Defendants received Plaintiff's responses to their requests for disclosure. Although pre-suit documents may be submitted as evidence by a removing party in order to demonstrate that the amount in controversy exceeds $75,000, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir.1998), the Fifth Circuit has determined that a pre-suit demand letter does not trigger the thirty day time limit for removal, *Chapman*, 969 F.2d at 163. Accordingly, the Court finds that Defendants timely removed the case because they initiated removal within thirty days of receiving Plaintiff's responses to their disclosure requests.

---

1. Plaintiff asserts that the Supreme Court's holding in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) may undermine the Fifth Circuit's decision in *Chapman,* and possibly dictate a different result. In *Murphy Bros.,* the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc.,* 526 U.S. at 347–48, 119 S.Ct. 1322. Even though Plaintiff contends that modification of existing law in the Fifth Circuit is warranted, it is prudent to initially acknowledge existing precedent before making such an argument, rather than acknowledging the existence of such precedent only in a reply to a responsive pleading.

## B. Procedural Defect

■ Plaintiff, in her Reply, sets forth a new assertion: that Defendants fail to establish diversity jurisdiction in that they provide no evidence with respect to their citizenship.[2] Pl.'s Reply to Defs.' Resp. to Pl.'s Mot. ¶ 5. Plaintiff's Reply was filed on September 5, 2007, forty days after Defendants filed their Notice of Removal. Failure to timely challenge a procedural defect in a notice of removal constitutes a waiver, even where a timely motion for remand has been filed.[3] *Davis v. Ciba–Geigy Corp.*, 958 F.Supp. 264, 266 (M.D.La.1997) (citing *N. Cal. Dist. Council of Laborers v. Pittsburgh–Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir.1995)); *see also FDIC v. Loyd*, 955 F.2d 316, 322 (5th Cir.1992) (holding that "the first sentence of § 1447(c) preclud[es] all remands for procedural defects after the expiration of the thirty-day remand period."). Accordingly, the Court finds Plaintiff's assertion untimely.

## IV. SANCTIONS/ATTORNEY'S FEES

### A. Rule 11

■ Plaintiff also asserts that Defendants' removal constitutes a violation of Federal Rule of Civil Procedure 11, and requests that the Court impose sanctions. Pl.'s Mot. ¶ 9. A motion for sanctions must "be made separately from other motions or requests and shall describe the specific conduct that allegedly violates Rule 11(b)." FED.R.CIV.P. 11(c)(2) (Lexis 2008). Furthermore, such a motion is to be served first on the party allegedly violating Rule 11(b), and "must not be filed or be presented to the court" until twenty-one days after service of the motion. *Id.* In this case, Plaintiff's request for sanctions was not filed separately, did not identify any specific conduct which allegedly violates Rule 11(b), and fails to allege and/or prove that she served her Motion on Defendants before filing it with the Court. Plaintiff notes that Rule 11 "authorizes the imposition of sanctions if papers are filed containing statements that are not well grounded in fact and warranted by law," Pl.'s Mot. ¶ 8, but fails to identify a single document or pleading Defendants have filed containing such statements.

As Plaintiff has not complied with the requirements of Rule 11, or specified any conduct which allegedly violates Rule 11(b), the Court will not impose sanctions on Defendants. The Court reminds Plaintiff that "the filing of a motion for sanction is itself subject to the requirements of the rule and ... the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion." FED. R.CIV.P. 11 advisory committee's notes.[4]

2. In their Notice of Removal, Defendants assert that there is complete diversity of citizenship between the parties. Defs.' Not. of Removal ¶ 2. They assert that Plaintiff is a citizen of Texas. *Id.* They further assert that "ALBERTSON'S LLC is a limited liability company, whose sole member is the Delaware entity ALBERTSON'S HOLDINGS LLC. ALBERTSON'S HOLDINGS LLC is a limited liability company, whose sole member is AB Acquisitions LLC. None of the above entities has citizenship in Texas." *Id.*

3. Plaintiff alleges a procedural defect in the removal insofar as she asserts only that Defendants do not produce evidence of their citizenship. Pl.'s Reply ¶ 5. She does not assert that complete diversity among the parties is lacking, and thus does not contend that the Court lacks subject matter jurisdiction.

4. A motion for sanctions, therefore, should not be made as a matter of course along with a motion to remand or any other motion. It should only be made when a party believes in good faith that an adverse party's conduct

### B. Attorney's Fees

Plaintiff also seeks an award of "attorney's fees and expenses of removal and remand." Pl.'s Mot. Part IV. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005). In the instant case, the Court has found remand inappropriate, as Defendants' removal was timely and the thirty day limit to remand on the basis of procedural deficiencies has expired, and so attorney's fees pursuant to § 1447(c) are not warranted.[5]

## V. CONCLUSION

In sum, the Court finds that Defendants timely removed the case and any further challenges related to procedural defects associated with the removal were waived when Plaintiff failed to raise them within thirty days of removal. Accordingly, Plaintiff's Motion to Remand must be denied. Furthermore, Plaintiff's request for attorney's fees, expenses, and sanctions should be denied as set forth above.

Accordingly, **IT IS ORDERED** that Plaintiff Maria G. Holguin's "Motion to Remand and for Sanctions" (Docket No. 4) is **DENIED**.

---

warrants sanctions, and is able to identify the offensive conduct.

**5.** Even if remand were appropriate in the instant case, Plaintiff did not allege or bring forth any evidence that Defendants lacked an objectively reasonable basis for seeking removal.