**FIRST STATE BANK OF NORTH-WEST ARKANSAS, Plaintiff,**

v.

**GEORGIA 4–S INVESTMENTS LLLP, and Salman S. Banjee, Defendants.**

**Civil Action No. 1:09–CV–2828–ODE.**

United States District Court, N.D. Georgia, Atlanta Division.

April 1, 2010.

John Joseph Richard, Ronald Barrett Gaither, Jr., Taylor English Duma LLP, Atlanta, GA, for Plaintiff.

Laura Linville Broome, Michael David Flint, Flint & Adler, Atlanta, GA, for Defendants.

## ORDER

ORINDA D. EVANS, District Judge.

In this breach of contract case, Defendant Salman S. Banjee has filed a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) [Doc. 16]. Plaintiff First State Bank of Northwest Arkansas has filed a response in opposition to this motion [Doc. 17]. For the following reasons, Banjee's motion to dismiss [Doc. 16] is DENIED.

## I. *Background*

Plaintiff, an Arkansas-based bank, is the successor-in-interest to Alpha Bank & Trust of Alpharetta, Georgia ("Alpha") [Defendant's Memorandum in Support of Motion to Dismiss, Doc. 16–2 at 1; Complaint, Doc. 1 at 1]. In 2006, Alpha and Defendant Georgia 4–S Investments, LLLP ("Georgia 4–S") entered into a Loan Agreement [Complaint, Doc. 1 at Ex. A], Revolving Promissory Note [Doc. 1 at Ex. B], and Collateral Pledge Agreement [Doc. 1 at Ex. C] describing and securing a loan of $4,000,000 (the "Loan") to Georgia 4–S [Doc. 1 at 2–3]. The loan was further secured by a Guaranty Agreement executed by Banjee, through which Banjee guaranteed repayment of the Loan [*Id.* at Ex. D].[1]

In 2008, the Commissioner of the Georgia Department of Banking and Finance closed Alpha and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver [*Id.* at 4]. On February 29, 2009, the FDIC assigned the Loan to Plaintiff and the FDIC and Plaintiff executed a Bill of Sale evidencing Plaintiff's right, title, and interest in the Loan, Note, and Guaranty [*Id.*]. Plaintiff alleges that Defendants have failed to meet their payment obligations for the principle balance of the Loan plus interest and late charges [*Id.* at 5].

Plaintiff filed this suit in federal court based on diversity jurisdiction. Plaintiff alleges that both Defendants reside in the Atlanta Division of the Northern District of Georgia [*Id.* at 2]. The Complaint claims that Georgia 4–S breached the Loan Agreement and Revolving Promissory Note, that Banjee breached the Guaranty Contract, that both Defendants were unjustly enriched, and that attorney's fees are warranted [Complaint, Doc. 1].

Only Defendant Banjee has filed a motion to dismiss this case. Banjee argues that the Guaranty contains a forum selection clause requiring the case to be brought in Georgia state court. The Guaranty states:

> The Undersigned agrees that the courts of the State of Georgia shall have jurisdiction to hear and determine any claims or disputes pertaining directly or indirectly to this Guaranty or any matter arising therefrom. The Undersigned expressly submits and consents in advance to such jurisdiction in any action or proceeding in such court.

---

1. The Complaint does not allege where the execution of the Loan documents took place.

[Guaranty, Doc. 17–2 at 5]. Though the Loan Agreement and Promissory Note contain choice of law provisions [Doc. 1 at 18, 24], only the Guaranty has a forum selection clause.

## II. *Discussion*

■■■ A motion to dismiss based on a forum selection clause is properly brought under Federal Rule of Civil Procedure 12(b)(3). *Lipcon v. Underwriters at Lloyd's,* 148 F.3d 1285, 1290 (11th Cir. 1998). In reviewing a forum selection clause, the court must determine whether the clause is mandatory or merely permissive. *AmerMed Corp. v. Disetronic Holding AG,* 6 F.Supp.2d 1371, 1374 (N.D.Ga. 1998) (Story, J). A permissive clause permits jurisdiction in a particular forum but does not prohibit litigation elsewhere. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.,* 378 F.3d 1269, 1272 (11th Cir. 2004). In contrast, a mandatory clause requires that litigation under the contract must only occur in the designated forum. *Id.* "Where a forum selection clause is ambiguous regarding exclusivity, it will be construed more strongly against the party who drafted the clause." *AmerMed,* 6 F.Supp.2d at 1374 (citing *Citro Fla., Inc. v. Citrovale, S.A.,* 760 F.2d 1231, 1231–32 (11th Cir.1985)). The forum selection clause will not require dismissal if the clause is merely permissive, but if the clause is mandatory it will be enforced. *Id.*

■■■ Here, the first question raised by the forum selection clause is whether the phrase "courts of the State of Georgia" refers only to state courts or also includes Georgia federal courts. The United States Court of Appeals for the Eleventh Circuit has not addressed this issue in a published opinion. In an unpublished opinion, the Court held that the phrase "the courts of the State of Florida" in a forum selection clause is ambiguous regarding whether it includes federal courts. *See Stateline Power Corp. v. Kremer,* 148 Fed.Appx. 770, 771 (11th Cir.2005). The Eleventh Circuit resolved the ambiguity against the party who drafted the forum selection clause. *Id.*

However, other Circuits to address the issue have concluded that a phrase in a forum selection clause stating that jurisdiction lies in "the Courts of the State of _____" (or like language) excludes federal courts. *See Doe 1 v. AOL LLC,* 552 F.3d 1077, 1082 (9th Cir.2009) (holding that the phrase "courts of Virginia" "refers to courts proceeding from, with their origin in, Virginia—i.e., the state courts of Virginia. Federal district courts, in contrast, proceed from, and find their origin in, the federal government."); *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.,* 428 F.3d 921, 926 (10th Cir.2005) (concluding that "Courts of the State of Colorado" means only Colorado state courts because the clause "refers to sovereignty rather than geography"); *Dixon v. TSE Int'l Inc.,* 330 F.3d 396, 398 (5th Cir.2003) (reading "Courts of Texas, U.S.A." to mean Texas state courts and stating "[f]ederal district courts may be *in* Texas, but they are not *of* Texas"); *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.,* 739 F.2d 4, 7 (1st Cir.1984) (interpreting a clause stating that the contract shall be interpreted according to "the law, and in the courts, of the Commonwealth of Massachusetts" to designate the state courts of Massachusetts because "the word 'of' as it appears in the phrase in question must have been intended to restrict the meaning of both 'law' and 'courts' to those that trace their origin to the state.").

In light of the indication that the unpublished *Stateline* case provides regarding the Eleventh Circuit's view of this issue, the Court concludes that the phrase "courts of the State of Georgia" is ambiguous regarding whether it includes both

state and federal courts. Since Alpha drafted the Guaranty,[2] this ambiguity must be resolved in Banjee's favor. As Banjee interprets the clause to exclude federal courts, the Court concludes that the phrase includes only Georgia state courts.

■ Next, the Court must determine whether the forum selection clause is mandatory or permissive. This inquiry determines whether litigation under the Guaranty must only occur in Georgia state courts or whether the forum selection clause merely indicates that jurisdiction is permitted in that forum. The Eleventh Circuit has held that a forum selection clause stating that "Venue shall be in Broward County," is mandatory "because it uses the imperative 'shall[.]' " *Global Satellite*, 378 F.3d at 1272. The Eleventh Circuit has also specified, in a statutory interpretation context, that "[t]he word 'shall' does not convey discretion. It is not a leeway word." *United States v. Quirante*, 486 F.3d 1273, 1275 (11th Cir.2007). However, the Eleventh Circuit has not yet confronted the precise question of whether a forum selection clause stating that "[a specified venue] shall have jurisdiction" is mandatory or permissive.

Among other Circuits, there appears to be only one case where a court has ordered remand to state court based on such a clause. *See Dixon*, 330 F.3d at 397–98. However, in *Dixon* the Fifth Circuit did not reach the question of whether the language "shall have jurisdiction" is mandatory or permissive; it merely affirmed the district court's conclusion that the phrase "Courts of Texas, U.S.A." excludes federal courts. *Id.* at 398. Several courts have determined that a forum selection clause stating that a particular court or venue "shall have jurisdiction" is permissive rather than mandatory because the use of the

word "shall" "indicates that the jurisdictional burden assumed is *obligatory*, not that it is *exclusive*." *King v. PA Consulting Group, Inc.*, 78 Fed.Appx. 645, 647–48 (10th Cir.2003). In other words, these courts held that the forum selection clauses prohibit a party from objecting to jurisdiction in the stated forum, but do not require litigation to occur in that forum to the exclusion of any other. *Id.* (citing *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76 (9th Cir.1987)). *See also N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1036–37 (9th Cir.1995) (reaffirming *Hunt Wesson*); *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127–28 (5th Cir. 1994) (adopting *Hunt Wesson's* reasoning).

The Court concludes that the phrase "Courts of the State of Georgia shall have jurisdiction" in the Guaranty's forum selection clause is permissive, not mandatory. Merely affirming that certain courts have jurisdiction does not, by itself, indicate that no other court also has jurisdiction. The forum selection clause does not contain any language indicating exclusivity. It requires that Banjee must submit to the jurisdiction of Georgia state courts, but does not mandate that all litigation relating to the Guaranty occur there. Though the word "shall" may indicate non-discretion, it does not also connote exclusivity in all circumstances. Here, the word "shall" indicates non-discretion in the sense that it prohibits Banjee from contesting the jurisdiction of Georgia state courts if such jurisdiction is asserted, but it does not state that *only* Georgia state courts "shall have jurisdiction" in this matter. Accordingly, the forum selection clause does not require the dismissal of this case.

---

**2.** Plaintiff does not dispute that Alpha drafted the Guaranty, and it is apparent from the language and structure of the Guaranty that it was drafted by Alpha and not Banjee.

III. *Conclusion*

For the reasons stated above, Banjee's motion to dismiss [Doc. 16] is DENIED.