**Diana CARRANO, Plaintiff,**

v.

**HARBORSIDE HEALTHCARE CORPORATION and Harborside Rehabilitation Limited Partnership, Defendants.**

**No. 3:00CV01154 AVC.**

United States District Court, D. Connecticut.

April 20, 2001.

clude precluding evidence, dismissing the case and contempt. *See* Fed.R.Civ.P. 37(b).

Joseph D. Garrison, Jeffrey S. Bagnell, Garrison, Phelan, Levin–Epstein, Chimes & Richardson, New Haven, CT, for plaintiff.

Francis P. Alvarez, Christina Calise Feeny, Jackson, Lewis, Schnitzler & Krupman, Stamford, CT, for defendants.

## RULING ON THE DEFENDANT'S MOTION TO DISMISS

COVELLO, Chief Judge.

This is an action for damages and injunctive relief. It is brought by the plaintiff, Diana Carrano, against the defendants, Harborside Healthcare Corporation and Harborside Rehabilitation Limited Partnership (collectively "HRLP" or "defendants") pursuant to common law tenets concerning wrongful discharge and breach of contract. HRLP brings the within motion to dismiss count two of the amended complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, arguing that a forum selection clause contained in the employment agreement signed by Carrano renders venue in Connecticut improper.

The issue presented is whether a forum selection clause purporting to restrict a plaintiff's ability to file suit outside a Florida county should result in the dismissal of the plaintiff's action, or should be treated as a motion to transfer under 28 U.S.C. § 1404(a). The court concludes that because the forum selection clause permits the plaintiff to file suit in state or federal court in Florida, the standard governing motions to transfer under 28 U.S.C. § 1404(a) controls. Accordingly, HRLP's motion to dismiss count two of the amended complaint (document no. 19) is DENIED; however, the court will entertain a motion to transfer should the parties desire to proceed on that course.

## FACTS

Examination of the amended complaint, notice of removal, and exhibits [1] attached to both HRLP's motion to dismiss and Carrano's opposition thereto discloses the following relevant facts:

On or about December 1, 1997, Carrano became an employee of the defendants, who are "engaged in the business of developing and providing post-acute long-term care ... to consumers of the [s]tate of Connecticut[,]" and who maintain a regional office in West Hartford. Less than a month after hiring Carrano, the defendants promoted her to the position of regional manager.

On or about December 23, 1997, Carrano and HRLP entered into an employment agreement which included the following clause:

> 9. *Governing Law.* The Laws of the state of Florida shall govern the performance and interpretation of this Agreement. Any litigation between [Carrano] and [HRLP] arising out of this Agreement shall be brought in Pinellas county, except [HRLP] may institute proceedings to enforce the terms of section[s] 6–9 hereof in any jurisdiction in which [HRLP] believe[s] that [Carrano is] violating the terms of those sections.

On or about March 2, 1999, the defendants terminated Carrano's employment. Carrano alleges that the reason for her termination was that "she refused to follow a corporate directive which would have forced her (i) to participate in a plan to defraud the federal government's Medicare program and (ii) to violate applicable provisions of state law governing billing for occupational and physical therapy services." She also maintains that HRLP "breached its promise to [her] by failing to pay her the quarterly bonus compensation she had earned."

On May 26, 2000, as a result of these events, Carrano commenced this action in Connecticut superior court alleging breach of contract and wrongful discharge in violation of public policy. HRLP subsequently removed the case to federal court pursuant to 28 U.S.C. § 1441, citing the diversity of the parties. On August 31, 2000, Carrano filed an amended complaint. On November 7,

---

1. "Analysis under Rule 12(b)(3) ... permits the district court to consider facts outside of the pleadings ...." *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996).

2000, HRLP filed the within motion to dismiss.

## STANDARD

"For defenses raised under [Rule 12(b)(3) ], ... the court may consider matters outside the pleadings, and often must do so, since without [the] aid of such outside materials the court would be unable to discern the actual basis ... of a party's challenge to the bare allegation in the complaint that venue is proper ...." *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F.Supp.2d 1317, 1320 (S.D.Fla.2000) (citing *Transmirra Prods. Corp. v. Fourco Glass Co.*, 246 F.2d 538–39 (2nd Cir.1957)).

In actions where subject matter jurisdiction is based on diversity of citizenship, venue is defined by 28 U.S.C. § 1391(a), which provides that an action may be brought:

> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Also, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court ... embracing the place where such action is pending." 28 U.S.C. § 1441(a). Finally, there is disagreement among courts regarding whether a valid forum selection clause renders improper venue appropriately laid under 28 U.S.C. § 1391(a). *Compare Jones v. Weibrecht*, 901 F.2d 17, 18–19 (2d Cir.1990) (dismissing action under Rule 12(b)(3) where forum selection clause mandated that plaintiff file suit in specific district court) *with GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 198 F.R.D. 402, 405 (S.D.N.Y.2001) ("The presence of a forum selection clause does not enter into [whether venue is proper or improper]."); *National Micrographics Sys., Inc. v. Canon*

*U.S.A., Inc.*, 825 F.Supp. 671, 678–79 (D.N.J. 1993) ("[28 U.S.C. § 1391] does not list 'forum selection clauses' as a factor to be considered when determining where venue may be laid.")

## DISCUSSION

HRLP argues that "the court should enforce the ... forum selection clause and dismiss Carrano's breach of contract claim in [c]ount [t]wo[ ]." Specifically, they contend that, by way of the employment agreement she signed, Carrano agreed to confine any litigation "arising out of the agreement" to Pinellas county, Florida. Carrano responds that the court should view HRLP's motion as a motion to transfer pursuant to 28 U.S.C. § 1404(a) and deny it because "requiring [her] to travel to ... Florida to litigate her breach of contract claim would cause her legal fees and costs to skyrocket, and would effectively deny [Carrano] her day in court."

In *Jones v. Weibrecht*, 901 F.2d 17 (2d Cir.1990), the second circuit addressed a situation very similar to the one facing this court. There, the defendant sought dismissal of the plaintiff's contract action based on a forum selection clause which designated the supreme court of New York, Essex county, as the "exclusive venue for any action between the parties[.]" *Id.* The plaintiff in *Jones* argued that in light of the Supreme Court's decision in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the lower court erred by not applying the discretionary standard governing motions to transfer brought pursuant to 28 U.S.C. § 1404(a). *See Jones v. Weibrecht*, 901 F.2d 17, 18–19 (2d Cir.1990). The second circuit rejected this argument, reasoning that:

> [a] motion to transfer an action to another federal district court pursuant to section 1404(a) calls for an " 'individualized, case-by-case consideration of convenience and fairness.' " The same broad-based balancing is not appropriate where, as here, a party seeks to have an action dismissed or remanded to state court, rather than transferred, on the basis of a forum selection clause that *purports to preclude litigation from a venue other than a specific state*

*court.* Thus, the highly discretionary standard enunciated in *Stewart* is inapplicable to the enforceability of the forum selection clauses in the instant cases.

*Jones v. Weibrecht,* 901 F.2d 17, 19 (2d Cir. 1990) (emphasis added) (internal citations and quotation marks omitted). As several district courts in this circuit have acknowledged, "*Jones* does not ... preclude the transfer of an action where the forum selection clause allows the parties to bring suit in a *federal* court." *Haskel v. FPR Registry,* 862 F.Supp. 909, 915 (E.D.N.Y.1994) (emphasis added); *see also BRM Indus., Inc. v. Mazak Corp.,* 42 F.Supp.2d 176, 179 (D.Conn. 1999) ("As the [s]econd [c]ircuit has clarified, [s]ection 1404(a) analysis applies where the forum selection clause allows the court to transfer the case to another federal court.").

In light of *Jones,* then, whether the court may treat HRLP's motion to dismiss as a motion to transfer depends on whether the forum selection clause allows the parties to bring suit in a federal court or confines them to "a specific state court." For the following reasons, the court concludes that the clause at issue here, unlike the one addressed in *Jones,* does not restrict the parties to a state venue. As set forth above, the clause before the court states that "[a]ny litigation between [Carrano] and [HRLP] arising out of th[e] [a]greement shall be brought in Pinellas county[.]" Carrano maintains that this language "does not mandate a state venue, but rather only refers generally to 'Pinellas county,' which encompasses the seat of a U.S. [d]istrict [c]ourt." HRLP contends that Carrano's argument must fail because there is no active U.S. district court in Pinellas county.

"The only sensible reading of the agreement," HRLP reasons, "is that 'Pinellas county' refers to the Pinellas [c]ounty state courthouse which is part of the [s]ixth [j]udicial [c]ircuit of the [s]tate of Florida[.]" The court agrees with Carrano.

The language of the clause does not make explicit reference to a specific state or federal court, unlike one of the cases on which HRLP relies.[2] *See Jones v. Weibrecht,* 901 F.2d 17, 18 (2d Cir.1990) (noting that forum selection clause "designated the state court in Essex County as the exclusive venue for litigation"). At best, the court concludes that the clause is ambiguous as to whether it requires Carrano to file suit in a state court in Florida or whether it gives her a choice between state and federal court. Where two interpretations of an agreement are equally plausible, both Connecticut law and Florida law require a court to construe the pertinent language against the party responsible for its inclusion. *See Mongillo v. Commissioner of Transp.,* 214 Conn. 225, 231, 571 A.2d 112 (1990) ("It is a general rule of construction that whenever two interpretations of a contract seem equally possible, the language will be construed against the party responsible for its inclusion."); *City of Homestead v. Johnson,* 760 So.2d 80, 84 (Fla.2000) ("An ambiguous term in a contract is to be construed against the drafter."). Here, this analysis leads the court to conclude that the forum selection clause permits Carrano to file suit against HRLP in either Florida's sixth judicial circuit or the United States district court for the middle district of Flori-

2. The court observes that the remaining cases cited in HRLP's motion to dismiss all involve forum selection clauses that designate *foreign* venues. The possibility of transfer in those cases, therefore, did not exist. *See Lipcon v. Underwriters at Lloyd's, London,* 148 F.3d 1285 (11th Cir.1998), *cert. denied,* 525 U.S. 1093, 119 S.Ct. 851, 142 L.Ed.2d 704 (1999) ("Each party hereto irrevocably agrees that the courts of England shall have exclusive jurisdiction to settle any dispute."); *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320 (9th Cir.1996) ("the parties expressly submit themselves to the Federal Tribunals or the State Courts of Guadalajara, Jalisco, or Guaymas, Sonora" ); *Leonard v. Garantia Banking Ltd.,* 1999 WL 944802, at *6 (S.D.N.Y. Oct. 19, 1999), *aff'd,* 213 F.3d 626 (2d Cir.2000) ("any

dispute arising out of [agreement] shall be submitted to the Bahamian courts"); *J.B. Harris, Inc. v. Razei Bar Indus., Ltd.,* 37 F.Supp.2d 186, 187 (E.D.N.Y.1998), *aff'd* 181 F.3d 82 (2d Cir. 1999) ("any dispute ... shall be adjudicated ... in the State of Israel"); *Albany Ins. Co, v. Banco Mexicano, S.A.,* 1998· WL 730337 *1, 1998 U.S. Dist. LEXIS 16292, at *3 (S.D.N.Y. Oct. 14, 1998), *aff'd,* 182 F.3d 898 (2d Cir.1999), *cert. denied,* 120 S.Ct. 801 (2000) ("the interested parties agree to submit to the tribunals of the City of Mexico, renouncing any other forum that corresponds or may correspond to them") *Paterson v. Compania United Arrows, S.A.,* 493 F.Supp. 626, 628 (S.D.N.Y.1980) ("bills of lading provide generally for the resolution of disputes in Tokyo, Japan").

da.[3]

Having resolved that the clause does not "purport[ ] to preclude litigation from a venue other than a specific state court," the analysis of the second circuit in *Jones v. Weibrecht*, 901 F.2d 17, 18–19 (2d Cir.1990), insofar as it prohibits the enforcement of forum selection clauses under the highly discretionary § 1404(a) standard, is no longer applicable. *See BRM Indus., Inc. v. Mazak Corp.*, 42 F.Supp.2d 176, 179 (D.Conn.1999) ("Section 1404(a) analysis applies where the forum selection clause allows the court to transfer the case to another federal court."). The issue now is the same one addressed by the district court in *Haskel v. FPR Registry, Inc.*, 862 F.Supp. 909 (E.D.N.Y.1994), that is, can HRLP limit the court to considering only dismissal rather than transfer "solely by virtue of [the] language in which [it] casts [its] motion." *Id.* at 915. This court, like the court in *Haskel*, concludes that such a result is "inappropriate." *See Haskel v. FPR Registry, Inc.*, 862 F.Supp. 909, at 915 (E.D.N.Y. 1994). Consequently, HRLP's motion to dismiss is denied.[4] At the same time, however, treating HRLP's motion to dismiss as a motion to transfer at this juncture would be unfair. While the court agrees that analysis under § 1404(a) is in order, it declines Carrano's invitation to deny a motion to transfer before either party has had the opportunity to fully brief the issue. *Cf. Starnes v. McGuire*, 512 F.2d 918, 933–34 (D.C.Cir. 1974) (en banc) (noting that court may consider transfer *sua sponte* after both parties have had opportunity to brief issue). To the extent that the defendants wish to enforce the forum selection clause by way of a motion to transfer, the court will entertain such a motion addressing the relevant factors. *See BRM Indus., Inc. v. Mazak Corp.*, 42 F.Supp.2d 176, 180–81 (D.Conn.1999) (discussing factors that district court must consider when deciding motion to transfer); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ("The presence of a forum selection clause ... will be a significant factor that figures centrally in the district court's [1404(a) ] analysis.").

## CONCLUSION

Based on the foregoing reasons, HRLP's motion to dismiss count two of the amended complaint (document no. 19) is DENIED.

3. Pinellas county falls within the United States district court for the middle district of Florida. Title 28 of the United States Code, section 89 states that "court in the middle district shall be held at ... Saint Petersburg[,]" which is in Pinellas County. *See* 28 U.S.C. § 89. HRLP maintains that because the Saint Petersburg seat of court is not "active," Carrano is restricted to filing suit in state court in Pinellas county. It is unclear, however, whether this inactive status prevailed at the time Carrano and HRLP entered into the agreement in December of 1997.

4. The court also notes that insofar as HRLP has moved to dismiss count two on the basis of improper venue, "venue," as described by 28 U.S.C. § 1391, is proper here in Connecticut. *See* 28 U.S.C. § 1441 (noting that a defendant may remove a state court action "to the district court of the United States for the district ... embracing the place where such action is pending."). Numerous other district courts addressing the enforcement of forum selection clauses have questioned the notion that parties, through their own private agreements, can render venue improper in a forum where Congress has authorized suit under 28 U.S.C. § 1391. *See GMAC*

*Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 198 F.R.D. 402, 405 (S.D.N.Y.2001) ("The presence of a forum selection clause does not enter into [whether venue is proper or improper]."); *Licensed Practical Nurses, Technicians and Healthcare Workers v. Ulysses Cruises, Inc.*, 131 F.Supp.2d 393 (S.D.N.Y.2000) ("It seems incorrect to treat the [forum selection] clause as defeating venue in the non-preferred forum."); *Smith v. Commodore Cruise Line Ltd.*, 2000 WL 1469823, at *5 (S.D.N.Y.2000) ("[A]n enforceable forum-selection clause requiring venue to be brought elsewhere did not render venue in the original forum improper."); *Haskel v. FPR Registry, Inc.*, 862 F.Supp. 909, 915 (E.D.N.Y.1994) ("[T]he better view is that forum selection clauses do not render venue improper and thus may not be enforced by a motion to dismiss for improper venue."); *National Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F.Supp. 671, 678–79 (D.N.J.1993) ("[28 U.S.C. § 1391] does not list 'forum selection clauses' as a factor to be considered when determining where venue may be laid.")