**F I L E D**

PUBLISH

**November 7, 2005**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

AMERICAN SODA, LLP, a Colorado
corporation,

      Plaintiff-Appellee,

v.

U.S. FILTER WASTEWATER
GROUP, INC., a Delaware
corporation,

      Defendant-Appellant.

No. 03-1492

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 03-MK-1579 (CBS))**

---

Submitted on the briefs:[*]

Michael G. Bohn, Griffith A. Kundahl, and Bret M. Heidemann, Campbell, Bohn, Killin, Brittan & Ray, LLC, Denver, Colorado for Defendant-Appellant.

Lawrence R. Green, Balcomb & Green, P.C., Glenwood Springs, Colorado, for Plaintiff-Appellee.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **KELLY, SEYMOUR,** and **MURPHY**, Circuit Judges.

**SEYMOUR**, Circuit Judge.

Defendant U.S. Filter Wastewater Group, Inc. (U.S. Filter) appeals the district court's order remanding this breach of contract action to state court based on a mandatory forum selection clause in the parties' contract. U.S. Filter also appeals the district court's award of attorneys' fees and costs to plaintiff American Soda, LLP (American Soda). Because we agree with the district court that the parties' contract contained a mandatory forum selection clause designating Colorado state court as the exclusive forum for resolution of disputes arising out of their contract, we affirm the remand order. We also conclude this court lacks jurisdiction to review the district court's order concerning attorneys' fees.

*Background*

In July 2003, American Soda, a mining company, filed a breach of contract action against U.S. Filter in the Garfield County District Court in Glenwood Springs, Colorado. American Soda alleges that U.S. Filter failed to perform under an April 13, 2001, contract pursuant to which U.S. Filter was to construct and integrate a Deca Crystallizer system into American Soda's processing facilities in Garfield County, Colorado. The purpose of the Deca Crystallizer was

-2-

to enhance the production rate and product quality of American Soda's mining operations. U.S. Filter timely removed the action to the United States District Court for the District of Colorado based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, §1441 and § 1446. On October 20, 2003, upon motion by American Soda, the district court remanded the case to state court, finding that U.S. Filter waived its right to remove by a mandatory forum selection clause in the parties' contract. The clause at issue is contained in paragraph 20.0 of Exhibit B to the parties' agreement. It provides:

> Both Contractor and Company hereby submit to the jurisdiction of the Courts of the State of Colorado and agree that the Courts of the State of Colorado/Arbitrator shall be the exclusive forum for the resolution of any disputes related to or arising out of this Term Agreement.

Aplt. App. at 59.

The district court held that by using this language the parties unequivocally and exclusively designated any court of the *State* of Colorado for the resolution of disputes arising out of the contract and that the United States District Court was not a court of the *State* of Colorado. The court further held that enforcement of the forum selection clause was not unreasonable under the circumstances. Accordingly, the district court concluded that remand was proper.

In addition, pursuant to 28 U.S.C. §1447(c), the court ordered U.S. Filter to pay all costs and attorneys' fees incurred by American Soda in connection with

the removal. Thereafter, American Soda filed an attorneys' fees affidavit. However, to date, the district court has not fixed the amount of attorneys' fees and costs to be awarded.

*Appellate Jurisdiction*

On December 2, 2003, we issued an order directing the parties to show cause why this appeal should not be dismissed for lack of appellate jurisdiction. Following briefing, we reserved judgment on the issues of whether the district court's remand order is appealable and whether the award of attorneys' fees and costs is appealable where no amount certain has been determined by the district court. We now hold that the remand order is appealable, but that the portion of the district court's order regarding attorneys' fees and costs is not.

As we have previously stated, the threshold question in an appeal of a remand order is whether the district court's decision is reviewable notwithstanding the proscription set forth in 28 U.S.C. § 1447(d). *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 580 (10th Cir. 1997). Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except [in civil rights cases] . . . ." 28 U.S.C. § 1447(d). However, it is well settled that § 1447(d) prohibits only the review of remands based on grounds specified in § 1447(c). *See SBKC*, 105 F.3d at 580. Thus, the only remands immune to

appellate review are those based on lack of subject matter jurisdiction and defects in the removal procedure. *Id*; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996). Remands based on a merits determination of a nonjurisdictional issue are fully appealable. *SBKC*, 105 F.3d at 580. We have held specifically that a remand based on a district court's decision to honor a forum selection clause is appealable under the collateral order doctrine. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1344 (10th Cir. 1992). Accordingly, we are satisfied that appellate review of the district court's remand order is proper here.

Conversely, this court lacks jurisdiction to entertain U.S. Filter's appeal from the district court's order awarding attorneys' fees and costs. An award of attorneys' fees is not final and appealable within the meaning of 28 U.S.C. § 1291 until it is reduced to a sum certain. *Phelps v. Washburn Univ. of Topeka*, 807 F.2d 153, 154 (10th Cir. 1986) (per curiam). Since the district court has not fixed the amount of fees in this case, that portion of the award is neither final nor appealable within the meaning of 28 U.S.C. § 1291 and is therefore not reviewable by this court. *Phelps*, 807 F.2d at 155. This, however, does not preclude our review of the district court's remand order. It is well settled that "a decision on the merits is a final decision for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988)

(quotation omitted). Consequently, we will not review the award of attorneys' fees, and turn our attention instead to the district court's interpretation of the forum selection clause.

*The Forum Selection Clause*

U.S. Filter's arguments as to why the district court's remand order was erroneous can be distilled to two main points. First, U.S. Filter contends the contract clause at issue is not a mandatory forum selection clause as defined by this court because the clause is ambiguous, does not specify a particular county for venue, and does not express a clear and unequivocal waiver of its right to remove the action to federal court. Second, U.S. Filter contends removal was proper because the language "Courts of the State of Colorado," as used in the parties' contract, could include the federal district court sitting in Colorado.

We review the enforceability of a forum selection clause *de novo*. *See K & V Scientific Co. v. BMW*, 314 F.3d 494, 497 (10th Cir. 2002). We must first determine whether the clause at issue, "Courts of the State of Colorado," is ambiguous. U.S. Filter contends the clause could include the federal court sitting in Colorado. If we conclude this language does, in fact, include the federal court, there will be no need to decide whether the forum selection clause is mandatory or permissive.

Whether the U.S. district courts are courts *of* the various states in which

they are located is an issue of first impression in this circuit. Other courts have described the issue as a question of sovereignty versus geography. If the contract language refers to the state courts to the exclusion of the federal courts, it is a term of sovereignty. If, on the other hand, it encompasses Colorado state courts and the federal court sitting in the State of Colorado, it is a term of geography. *See LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 6 (1st Cir. 1984); *City of New York v. Pullman Inc.*, 477 F. Supp. 438, 442 (S.D.N.Y. 1979).

The court in *LFC Lessors* was charged with interpreting contractual language providing for the resolution of disputes "in accordance with the law, and in the courts, of the Commonwealth of Massachusetts." 739 F.2d at 6. The court concluded that the phrase "courts *of* Massachusetts" was ambiguous, finding that it "could mean all the courts physically within the state or only those courts that trace their origin to the state, *i.e.*, the Massachusetts state courts." *Id.* at 7 (citing BLACK'S LAW DICTIONARY (5th ed. 1979)). However, reading the phrase in context, the court concluded that the parties must have intended the latter meaning because it was the only meaning that made sense in light of the phrase's parallel structure. *Id.* "[T]he word 'of' as it appears in the phrase in question must have been intended to restrict the meaning of both 'law' and 'courts' to those that trace their origin to the state." *Id.* The court therefore held that all actions on the contract at issue had to be brought in the Massachusetts state

courts. *Id.*

More recently, the Fifth Circuit interpreted similar language as implicitly unambiguous, holding that the phrase "Courts of Texas" referred exclusively to Texas state courts. *See Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam). The contract clause at issue in *Dixon* provided,

> The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to the execution, interpretation or performance of this Agreement, and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise.

*Id.* at 397. Like U.S. Filter here, the defendant argued that this provision could be read to include both state and federal courts in Texas. *Id.* The court rejected that argument, concluding that although federal district courts may be *in* Texas, they are not *of* Texas. *Id.* at 398. As in *LFC Lessors*, the court in *Dixon* relied on the definition of the word "of" in BLACK'S LAW DICTIONARY.[1] The court reasoned that "Federal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions." *Id.* Since the parties agreed to litigate their dispute solely in the "Courts of Texas," the court held that the defendant was bound to defend the suit in the Texas state

---

[1] "Of" is defined as a term "denoting that from which anything proceeds; indicating origin, source, descent, and the like . . . . Associated with or connected with, usually in some causal relation, efficient, material, formal, or final. The word has been held equivalent to after; at, or belonging to; in possession of; manufactured by; residing at; from." BLACK'S LAW DICTIONARY 1080 (6th ed. 1991).

-8-

court system.  *Id.*

We are persuaded by the reasoning of *Dixon* and agree with the district

court's holding in this case that the federal court located in Colorado is not a

court *of* the *State* of Colorado but rather a court *of* the *United States of America*.

In other words, the contract language at issue refers to sovereignty rather than

geography.[2]  Although located in the various states, the U.S. district courts

"indisputably proceed from, and find their origin in, the federal government,"

*Dixon*, 330 F.3d at 398, not in the governments of the states in which they are

located.  We therefore conclude that the forum selection clause in the parties'

agreement designates the Colorado state court system as the forum for resolution

of disputes arising out of the contract, and does not include the federal district

court.[3]  Consequently we must determine whether this selection was mandatory or

---

[2]    *Cf. Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (holding that a forum selection clause requiring disputes to be brought "in courts in the State of Ohio" did not exclude the federal district court for the Northern District of Ohio, which the court noted was unquestionably *in* Ohio) (quotation marks omitted).

[3]    We do not find persuasive cases cited by the parties interpreting language other than "courts of the State."  *See, e.g., Basicomputer Corp.*, 973 F.2d at 510 (holding that "courts *in* the State of Ohio" could include the federal district court) (emphasis added); *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (holding that "Michigan Courts" could include federal courts); *Carrano v. Harborside Healthcare Corp.*, 199 F.R.D. 459, 462 (D. Conn. 2001) (holding that the phrase "litigation . . . shall be brought in Pinellas county" could mean state or federal court in Pinellas County); *City of New York v. Pullman Inc.*, 477 F. Supp. 438, 443 (S.D.N.Y. 1979) (holding that the phrase "New York
(continued...)

permissive.

The difference between a mandatory and permissive forum selection clause is that "[m]andatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (alteration and internal quotation marks omitted). "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.* (internal quotation marks omitted). U.S. Filter argues that the forum selection clause at issue is permissive because it does not specify a county or tribunal for venue. We reject this argument. In *K & V Scientific*, 314 F.3d at 499, we adopted the majority rule for enforcing forum selection clauses. We held that when venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory. *Id.*[4] Where only jurisdiction is specified, we will nonetheless enforce a forum selection clause if there is some additional language indicating the parties' intent to make

---

[3](...continued)
courts" could include state and federal courts in New York).

[4]      For example, under the rule, the forum selection clause at issue in *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997), which stated "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado," is mandatory because of its specific county designation and use of the obligatory word "shall."

-10-

venue exclusive. *Id.*

The clause at issue in this case falls squarely within the latter category. The parties not only consented to the jurisdiction of the Colorado state courts, they went a step further by designating the state courts or arbitration as "the *exclusive forum* for the resolution of any disputes related to or arising out of [the contract]." Aplt. App. at 59 (emphasis added). We conclude that by consenting to state court jurisdiction and selecting the state courts as the "exclusive forum," the parties indicated their intent to make venue exclusive in state court with respect to any disputes not resolved in arbitration.[5] *Cf. K & V Scientific*, 314 F.3d at 500 (calling the forum selection clause in that case permissive because it referred only to jurisdiction and did not include terms such as "exclusive," "sole," or "only"). Because the forum selection clause at issue is mandatory, U.S. Filter unequivocally waived its right to remove this lawsuit to federal court. *See Milk 'N' More, Inc.*, 963 F.2d at 1346 ("[A] waiver of one's statutory right to remove a case from a state to a federal court must be clear and unequivocal." (internal quotation marks omitted)).

We also conclude, and U.S. Filter does not dispute, that enforcement of the forum selection clause is fair and reasonable. There is certainly nothing in the

---

[5]     We are not persuaded by U.S. Filter's argument that the inclusion of "Arbitrator" in the forum selection clause renders the clause ambiguous. We agree with the district court that the clause at issue reflects an exclusive forum selection of Colorado state court unless arbitration is selected.

-11-

record before us to show that "enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

The district court properly remanded this case to the state court. The judgment of the district court is **AFFIRMED** and the case is **REMANDED** to the district court for a final determination regarding attorneys' fees.