**SILO POINT II LLC, Plaintiff,**

v.

**SUFFOLK CONSTRUCTION CO., INC., Defendant.**

**Case No. 1:08–cv–999.**

United States District Court, D. Maryland.

Sept. 25, 2008.

Richard O. Wolf, C. Kelly Skrabak, Charlie C.H. Lee, Robert Milton Moore, Moore and Lee LLP, McLean, VA, for Plaintiff.

Michael Evan Jaffe, Thelen Reid Brown Raysman and Steiner LLP, Washington, DC, for Defendant.

### MEMORANDUM OPINION

RICHARD D. BENNETT, District Judge.

Plaintiff Silo Point II, LLC, ("Silo Point"), a Maryland Limited Liability Company engaged in the business of real estate development, has filed a two-count Complaint in this Court against Defendant Suffolk Construction Company, Inc. ("Suffolk"), a general contractor incorporated in Massachusetts. At issue is the Guaranteed Maximum Price contract (the "Contract") the parties entered into that sets forth the terms and risks attendant to the construction of a condominium project in Baltimore City (the "Project"). The crux of the dispute relates to the calculation of the Guaranteed Maximum Price ("GMP"), which largely determines liability for cost overruns on the Project. After the parties failed to negotiate a resolution, Silo Point brought this action seeking declaratory relief and specific performance.

Now pending before this Court is Defendant Suffolk's Motion to Dismiss (Paper No. 4). Suffolk argues that the forum selection clause governing the Contract requires all disputes to be filed in a Maryland state court. This matter has been briefed fully and no hearing is necessary. See Local Rule 105.6 (D.Md.2008). For the reasons set forth below, Suffolk's Motion to Dismiss is GRANTED.

## BACKGROUND

This action arises out of a dispute related to the construction of an approximately $100 million condominium project along Baltimore's Inner Harbor. (Compl. ¶ 5.) On November 8, 2005, Silo Point issued its intent to award a prime contract to Suffolk for the construction of the Project that involved the conversion of a 1920s-era grain elevator and silo into a high end condominium building. (Id. ¶¶ 5, 8.) In late 2005 and early 2006, the parties engaged in Pre–Construction, wherein they identified the scope and intent of the work, determined construction feasibility, developed a construction schedule, and calculated a GMP. (Id. ¶ 9.) At the close of Pre–Construction, on April 20, 2006, the parties entered into the Contract that specified a GMP of $92,690,000 and a substantial completion date within twenty months from the commencement of construction. (Id. ¶¶ 10, 11; Def.'s Ex. 1A, Art. 4, § 4.3) The Contract provided that any costs exceeding the GMP would be borne by Suffolk without reimbursement by Silo Point. (Def.'s Ex. 1A, Art. 4 § 4.3) Finally, the Contract contains a forum selection clause which reads:

§ 4.4.3 **Governing Law and Venue**
The substantive and procedural laws of Maryland shall apply in all respects to any and all disputes arising from or relating to interpretation of performance of this Contract, except as otherwise specifically provided herein. Any dispute between the parties shall be exclusively brought in the courts of the State of Maryland.

(Def.'s Ex. 1B, Art. 4, § 4.4.3.)

During the construction process, several unforeseen conditions and difficulties developed. As a result, Suffolk began to incur costs well above the GMP and the Project's projected completion date was extended. Suffolk thereupon petitioned Silo Point for both an upward adjustment

to the GMP to compensate for its cost overruns and for a time extension on the Project's completion date. (Compl. ¶ 19.) A protracted dispute arose between the parties over the scope and nature of any adjustments to the Contract and the determination of the GMP and construction schedule.

In March of 2008, Suffolk indicated that it would file for a mechanic's lien against the property and would sue for breach of contract in the Circuit Court for Baltimore City.[1] (*Id.* ¶ 28.) On April 21, 2008, after the failure of the parties' subsequent attempts to resolve their dispute, Silo Point filed this action. Silo Point seeks a declaratory judgment that determines "the GMP based on the respective rights, risks, and obligations each party undertook pursuant to their negotiated Contract, including the appropriate contract completion date, and a declaration regarding Suffolk's claims that have been submitted and rejected, as contrary to the terms of the Contract." (*Id.* ¶ 50.) In addition, Silo Point seeks a grant of specific performance requiring Suffolk to produce certain books and records previously sought by Silo Point. (*Id.* ¶¶ 52–55.) Suffolk has moved to dismiss, claiming, *inter alia,* that the forum selection clause in the Contract forecloses either party from filing suit in this Court.[2]

## STANDARD OF REVIEW

■ The United States Court of Appeals for the Fourth Circuit has recently ruled that Fed.R.Civ.P. 12(b)(3) is the proper procedural vehicle for bringing a motion to dismiss based on improper venue when the issue turns on a forum selection clause.[3] *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 550 (4th Cir.2006). Under Rule 12(b)(3) the court is allowed to freely consider evidence outside the pleadings, unlike under a 12(b)(6) motion. *Id.* In addition, when resolving a motion to dismiss under Rule 12(b)(3), " 'the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis.' " *Id.* at 549 (quoting *Argueta v. Banco Mexicano,* 87 F.3d 320, 324 (9th Cir.1996)). Nevertheless, "[i]n deciding a motion to dismiss, all inferences must be drawn in favor of the plaintiff, and 'the facts must be viewed as the plaintiff most strongly can plead them.' " *Sun Dun, Inc. of Washington v. Coca–Cola Co.,* 740 F.Supp. 381, 385 (D.Md.1990) (quoting *Coakley & Williams, Inc. v. Shatterproof Glass Corp.,* 706 F.2d 456, 457 (4th Cir. 1983)).

## ANALYSIS

■ Because this is a diversity action, the substantive law of Maryland is applied in analyzing the forum selection clause. *See Eisaman, et al. v. Cinema Grill Systems, Inc., et al.,* 87 F.Supp.2d 446, 448 (D.Md.1999) ("[I]n diversity cases ... the Fourth Circuit applies state law to determine enforceability" of forum selection

---

1. Suffolk commenced its mechanic's lien enforcement action and breach of contract claim in the Circuit Court for Baltimore City on April 28, 2008. (Def.'s Mem. Supp. Mot. to Dismiss 3.)

2. Suffolk argued that dismissal is further warranted because Silo Point's filing of this action is prohibited "procedural fencing." Because there is sufficient cause to dismiss Silo Point's suit on the basis of the forum selection clause, this Court does not address the additional issue of "procedural fencing."

3. Suffolk mistakenly filed its motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(6). This Court will instead treat the motion for lack of jurisdiction based on the forum selection clause as a motion under Fed.R.Civ.P. 12(b)(3). Because Suffolk has contested venue in its first responsive pleading, it has not waived the issue under Fed. R.Civ.P. 12(h)(1). Therefore, Suffolk's failure to cite Rule 12(b)(3) was not material under the circumstances.

clauses.). Maryland has adopted the federal standards for evaluating forum selection clauses. *Gilman v. Wheat, First Securities, Inc.*, 345 Md. 361, 692 A.2d 454, 459–63 (1997). In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court of the United States held that a forum selection clause is deemed to be enforceable if it is both mandatory and reasonable. Because the validity of the forum selection clause in the present case is not contested, and there is no showing that it is unreasonable, it will be enforced. *See Eisaman, et al. v. Cinema Grill Systems, Inc., et al.*, 87 F.Supp.2d 446, 449 (D.Md.1999) ("[F]orum selection clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" (quoting *Bremen,* 407 U.S. at 10, 92 S.Ct. 1907)). As a result, the only question that remains to be decided on this motion is the interpretation of the forum selection clause and whether it permits Silo Point to institute suit in federal court.[4]

The forum selection clause contained in the Contract provides that "[a]ny dispute between the parties shall be exclusively brought in the courts *of* the State of Maryland." (Def.'s Ex. 1B, Art. 4, § 4.43.) (emphasis added). Suffolk submits that the clause clearly identifies the state courts of Maryland as the exclusive fora selected by the parties. Suffolk contends that this interpretation is supported by a plain reading of the clause and by the weight of authority interpreting identical or similar phrases. (Def.'s Mem. Supp. Mot. to Dismiss 14–15.) Silo Point counters by emphasizing the fact that in the clause "the parties agreed to submit to jurisdiction in the 'courts' of Maryland—not just one

court—but multiple 'courts' of Maryland." (Pl.'s Mem. Opp'n Mot. to Dismiss 24.) Silo Point argues that because only one state court, the Circuit Court for Baltimore City, could serve as an appropriate venue for state actions between the parties, the plural use of "courts" must also refer to the United States District Court for the District of Maryland. (*Id.*)

■ In analyzing forum selection clauses, courts begin by determining whether the limitation provided in the clause is one of sovereignty or geography. *See, e.g., American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 925 (10th Cir.2005); *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 6 (1st Cir.1984); *City of New York v. Pullman Inc.*, 477 F.Supp. 438, 442 (S.D.N.Y.1979); *Ferri Contracting Co. v. Town of Masontown*, No. 03–1303, —— Fed.Appx. ——, —— – ——, 2003 WL 22244905, at *1–2, 2003 U.S.App. LEXIS 19992, at *2–4 (4th Cir. Sept. 29, 2003) (per curiam) (unpublished). Clauses that are expressed in terms of sovereignty mandate that suit be brought in the courts of the state sovereign. *Ferri Contracting Co.*, —— Fed.Appx. at —— – ——, 2003 WL 22244905, at *1–2, 2003 U.S.App. LEXIS 19992, at *3–4 (citing *Pullman*, 477 F.Supp. at 442). On the other hand, clauses that are expressed in terms of geography permit suit to be brought in a state or federal court located within a specified geographic boundary. *American Soda*, 428 F.3d at 925 (citing *LFC Lessors*, 739 F.2d at 6).

■ The forum selection clause in this case is unambiguously expressed in terms of sovereignty and therefore excludes federal courts. The term "of" is commonly

---

4. In resolving this issue of contract interpretation, this Court does not find persuasive cases cited by the parties that deal exclusively with contract validity or enforceability. *See*

*Koch v. Am. Online, Inc.*, 139 F.Supp.2d 690 (D.Md.2000); *Davis Media Group, Inc. v. Best Western Int'l, Inc.*, 302 F.Supp.2d 464 (D.Md. 2004).

used in clauses to refer to sovereignty and has been defined as "denoting that from which anything proceeds; indicating origin, source, descent." *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir.2003) (per curiam) (citing Black's Law Dictionary 1232 (4th ed. 1968)); *American Soda*, 428 F.3d at 926 n. 1 (citing Black's Law Dictionary 1080 (6th ed. 1991)). It follows that this Court is not a "court[ ] of the State of Maryland," but rather a court of the United States that is located in Maryland. *See Dixon*, 330 F.3d at 398 ("Federal district courts may be *in* Texas, but they are not *of* Texas.") (emphasis in original). This Court is further persuaded by the fact that the weight of authority construing phrases similar or identical to "courts of the State of ..." has reached the same conclusion. *See, e.g., Pee Dee Health Care v. Sanford*, 509 F.3d 204, 208 n. 6 (4th Cir.2007) (noting that a forum selection clause requiring suit be brought in "the courts of the State of South Carolina" "reflect[ed] an agreement to pursue administrative appeals in a state tribunal"); *American Soda*, 428 F.3d at 925 (holding that a forum selection clause requiring the parties to submit to the jurisdiction "of the Courts of the State of Colorado" excluded federal court); *Dixon*, 330 F.3d at 398 (holding that "[t]he Courts of Texas, U.S.A." limited suit to state court); *Setzer v. Natixis Real Estate Capital, Inc.*, 537 F.Supp.2d 876, 879 (E.D.Ky.2008) (construing "in the courts of the State of New York" as foreclosing federal court jurisdiction).

A very different result would be required if the forum selection clause in the Contract had used terms such as "in" or "within" instead of the term "of." *See Pullman Inc.*, 477 F.Supp. at 442 (distinguishing between clauses referring to sovereignty (i.e., "courts of the state of") and clauses referring to geography (i.e., "courts located in the state of")). The Fourth Circuit, in the unpublished per curiam opinion, *Ferri Contracting*, interpret-

ed a geographic forum selection clause and held that "[p]roviding that disputes be resolved in a court 'within the state' of West Virginia is not ambiguous ... and does not limit the parties to filing actions on the contract in a court *of* the state of West Virginia." —— Fed.Appx. at ——, 2003 WL 22244905, at *2, 2003 U.S.App. LEXIS 19992, at *5 (emphasis in original). Courts have repeatedly construed geographic forum selection clauses to permit actions to be brought in a federal court located in a certain geographic area. *See, e.g., Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271–72 (11th Cir. 2004) (concluding that a clause providing that "[v]enue shall be in Broward County, Florida" permitted suit to be brought in either the state or federal court located in Broward County); *Basicomputer Corp. v. Scott*, 973 F.2d 507, 509 (6th Cir.1992) (holding that venue was proper in federal court when contract required suit to be brought in a court "in the State of Ohio"); *Carrano v. Harborside Healthcare Corp.*, 199 F.R.D. 459, 462 (D.Conn.2001) (holding that the clause "litigation ... shall be brought in Pinellas county" could mean state or federal court in Pinellas County).

This Court recently held in *MTBR LLC v. D.R. Horton, Inc.*, No. 07–3363, 2008 WL 3906768, at *6, 2008 U.S. Dist. LEXIS 66697, at *18–19 (D.Md. Aug. 22, 2008) that an action was properly filed in this Court when the forum selection clause stated that "the exclusive forum ... shall be the appropriate trial court for the jurisdiction in which the Property is located." In that recent case, the limitation in question was clearly one of geography and not sovereignty and therefore differs from the forum selection clause in question in this matter. There is a specific reference in the forum selection clause in this case to any action between the parties being brought "in the courts *of* the State of Maryland." (emphasis added). This limita-

tion is one of sovereignty, not of geography.

Applying the analysis and precedent cited above, this Court finds that the forum selection clause in the present case requires that any dispute arising from the Contract be brought in a Maryland state court. Silo Point does not cite any precedent that concerned the interpretation of forum selection clauses in support of its contrary position. Moreover, this Court finds unavailing Silo Point's argument that by using the plural "courts" in the forum selection clause, the parties intended to include federal court because only one state court (the Circuit Court for Baltimore City) could properly hear state actions between the parties. (Pl.'s Mem. Opp'n Mot. to Dismiss 24.) As Suffolk points out, the latter contention is simply incorrect. For instance, the District Court for Baltimore City would properly decide any claims at issue between the parties that were below its $30,000 exclusive jurisdictional threshold. (Def.'s Reply 3 (citing Md.Code, Cts. & Jud. Proc. § 4–401).) Finally, it is likely that the parties employed the plural "courts" to cover the possibility that after the completion of the Project, Silo Point could change its place of business, or Suffolk could stop conducting business in Baltimore City but continue to do business in other parts of Maryland. (Def.'s Reply 4.)

### CONCLUSION

For the reasons stated above, Defendant Suffolk's Motion to Dismiss (Paper No. 4) is GRANTED. A separate Order follows.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 25th day of September 2008, ORDERED, that:

1. The Motion to Dismiss filed by Defendant Suffolk Construction Co., Inc. (Paper No. 4) is GRANTED.

2. The Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to counsel for the parties and to CLOSE this case.