**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BERNICE BROWN, an individual,

Plaintiff-Appellant,

v.

FARMERS INSURANCE COMPANY,
INC., a foreign corporation,

Defendant-Appellee.

No. 07-6159
(D.C. No. 05-CV-896-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Bernice Brown appeals from the district court's order granting summary

judgment to Farmers Insurance Company, Inc. (Farmers) on her claims for bad

faith and punitive damages, and its order that she pay the attorney fees incurred

by Farmers in filing a motion in limine to exclude her expert witnesses at trial.

We dismiss the appeal for lack of jurisdiction.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Brown sued Farmers for breach of contract, bad faith, and punitive damages on the basis of its partial denial of an insurance claim for wind and water damage to her home. The district court granted summary judgment to Farmers on Ms. Brown's bad faith and punitive damages claims, but denied summary judgment as to her breach of contract claim.

Prior to trial, Farmers filed a motion in limine to exclude the testimony of five proposed expert witnesses because Ms. Brown failed to provide the required disclosures. In response, Ms. Brown agreed to call four of the five as fact witnesses only, but urged the court to overlook the failure to follow the rules as to the fifth witness. In its order, the court concluded that the "failure to provide an expert report . . . barely . . . is harmless . . . [and] the exclusion of [his] testimony is not warranted." Aplt. App. at 338. However, as a consequence of Ms. Brown's failure to comply with the rules, the court ordered her to pay Farmers's "reasonable attorney fees in connection with [its] motion." *Id*. The court directed the parties to confer and try to reach an agreement as to the amount, but "[i]f an agreement is not reached, [Farmers] is directed to submit a motion for determination of the amount of the fees[.]" *Id*. at 339.

Shortly thereafter, Farmers served an offer of judgment on Ms. Brown pursuant to Rule 68 of the Federal Rules of Civil Procedure. Ms. Brown accepted the offer and the district court ordered the parties to prepare a proposed form of judgment. The judgment submitted by the parties and entered by the court briefly

described the history of the case, Farmers's offer and Ms. Brown's acceptance, and granted judgment in favor of Ms. Brown "in the amount of $10,000.00, exclusive of costs and attorney's fees." Aplee. Supp. App. at 6.

The parties' informal attempts to reach agreement on Farmers's attorney fees were unsuccessful, and the district court scheduled a hearing.[1] In the meantime, Ms. Brown filed her notice of appeal from the court's summary judgment order on her claims for bad faith and punitive damages. Prior to the hearing on attorney fees, the parties submitted a notice of settlement in which they advised the court that they "have reached a settlement resolving [their] pending attorneys' fees motions[.]" R, Doc. 108 at 1. At the parties' request, the court struck the hearing.

Farmers has filed a motion to dismiss Ms. Brown's appeal. It also requests attorney fees and costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure. We grant the motion to dismiss and deny the request for fees.

"[A]n appeal ordinarily may not be taken from a consent judgment. That is the well-accepted rule." *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 526 (10th Cir. 1992) (footnote omitted). Further, "[t]he general rule is that interlocutory rulings merge into the final judgment of the court and become appealable only once a final judgment has been entered. Accordingly, they

---

[1] Ms. Brown also filed a motion for attorney fees. The hearing was set to resolve both motions.

-3-

bec[o]me merged with the consent judgment[].” *Id*. at 527 (footnote omitted). Admittedly, a party may reserve the right to appeal from a consent judgment, however, those situations arise “where the party has expressly reserved the right to appeal.” *Id*.

Ms. Brown claims that she is not attempting to undo the consent judgment, but “appeals only those issues which remain *outside* the scope of the consent judgment.” Pl./Appellant’s Resp. To Def./Appellee’s Mot. To Affirm J. And Dismiss Appeal at 5. She raises three arguments in opposition to the motion to dismiss. First, she asserts that her acceptance was actually a new offer to resolve her contract claim by asking the district court to enter judgment in her favor “for all claims currently set for trial[.]” Aplee. Supp. App. at 3. At the same time, however, she also asked the court to “enter judgment for [Farmers], pursuant to the Court’s earlier rulings, on [her] bad faith and punitive damages claims.” *Id*. This is neither a new offer nor an offer to resolve only the contract claim. Instead, she specifically asked the court to enter judgment in favor of Farmers on her bad faith and punitive damages claims.

Second, Ms. Brown contends that the judgment was “negotiated with full knowledge by Farmers that [she] wanted to appeal” the summary judgment order. Pl./Appellant’s Resp. To Def./Appellee’s Mot. To Affirm J. And Dismiss Appeal at 1. Setting aside the lack of any evidence to support this argument, “the scope of a consent decree must be discerned within its four corners[.] . . . . [T]he

-4-

instrument must be construed as it is written, and not as it might have been written[.]" *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971); *Sinclair Oil Corp. v. Scherer*, 7 F.3d 191, 194 (10th Cir. 1993). The judgment jointly prepared by the parties contains no reservation of appellate rights as to the summary judgment order, and absent such reservation, it merged into the final judgment. *Mock*, 971 F.2d at 526-27.[2]

Third, Ms. Brown argues that the "plain language of the Judgment makes clear that the sole remaining issue for trial in the case was settled. The other issues had already been decided by the Court, and Ms. Brown asked that judgment be entered so that she could appeal those issues." Pl./Appellant's Resp. To Def./Appellee's Mot. To Affirm J. And Dismiss Appeal at 4. More specifically, she contends that the "*negotiated* language of the Judgment makes clear that the consent portion of the Judgment encompasses only the breach of contract claim because that was the only issue left for trial. . . . Only if the other claims were within the scope of the consent judgment would a reservation have been necessary." *Id*. at 5-6. To the contrary, if Ms. Brown wanted to exclude the bad faith and punitive damages from the scope of the judgment, it was incumbent on her to "expressly reserve[] the right to appeal." *Mock*, 971 F.2d at 527.

---

[2] A party may appeal a consent judgment in circumstances where she did not actually consent, there was fraud in the procurement, mistake, or the court entering the judgment lacked subject matter jurisdiction. *Mock*, 971 F.2d at 526 n.5. None of these exceptions are argued for by Ms. Brown.

Ms. Brown's settlement with Farmers, which did not contain a reservation of rights to appeal the summary judgment order, divests us of jurisdiction to hear this appeal. *Id*. (holding that orders and rulings that merge with consent judgments "are subject to the general rule of non-appealability").

As stated above, the judgment entered by the district court did not resolve costs or attorney fees. Even though the parties ultimately reached a settlement resolving attorney fees and asked the court to strike the hearing, Ms. Brown argues on appeal that "before sanctioning a party and ordering the offending party to pay attorney fees, the court was required to grant [her] the opportunity to be heard." Aplt. Op. Br. at 19. Setting aside the fact that a party cannot agree to vacate a hearing and then complain about not getting a hearing, "[a]n award of attorneys' fees is not final and appealable within the meaning of 28 U.S.C. § 1291 until it is reduced to a sum certain." *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924 (10th Cir. 2005).

The appeal is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge

-6-