FILED
United States Court of Appeals
Tenth Circuit

April 24, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

HEINDEL SIRIBUOR,

      Plaintiff-Appellant,

v.

UHS OF DENVER, INC., d/b/a
Highlands Behavioral Health Systems;
UHS OF DELAWARE, INC., d/b/a
Universal Health Services Inc.,

      Defendants-Appellees.

No. 12-1372
(D.C. No. 1:12-CV-00077-RBJ-KLM)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **O'BRIEN**, Circuit Judges.

This appeal involves two issues: (1) did the district court err in finding Heindel Siribuor, a pro se attorney, to have knowingly and voluntarily entered into a binding settlement agreement with defendants regarding his Title VII harassment and racial discrimination claims; and (2) did the district court err in imposing attorney's fees as

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a sanction for Mr. Heindel's attempt to renege on the settlement contract. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and dismiss in part for lack of jurisdiction.

With regard to the first issue on appeal, we easily conclude Mr. Heindel entered into a binding settlement agreement, and affirm for substantially the same reasons relied on by the magistrate judge and the district judge in their extremely thorough orders. S*ee* R., Doc. 45 at 1-4, 6-9; Doc. 54 at 1-3, 6-8. Simply put, Heindel knowingly and voluntarily authorized the settlement agreement in email messages he sent to defense counsel on February 27, 2012. *Id.*, Doc. 45 at 3-4 (¶¶ 3-10). Heindel claims the settlement agreement was unenforceable because the terms of a release had not been negotiated, there was inadequate consideration, and defendants breached a confidentiality requirement, but the magistrate and the district judges correctly rejected his arguments for lack of merit.

With regard to the second issue, we lack jurisdiction to review the award of attorney's fees because the district court has yet to enter an order reducing the award to a sum certain. *See Am. Soda, LLP v U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924 (10th Cir. 2005) ("An award of attorneys' fees is not final and appealable within the meaning of 28 U.S.C. § 1291 until it is reduced to a sum certain."). "This, however, does not preclude our review of the district court's . . . order [regarding the settlement agreement]." *Id.* at 925. As we have explained, "[i]t is well settled that a decision on the merits is a final decision for purposes of § 1291 whether or not there

remains for adjudication a request for attorney's fees attributable to the case." *Id.* (internal quotation marks omitted).

The judgment of the district court enforcing the parties' settlement agreement is affirmed. Heindel's appeal of the award of attorney's fees is dismissed for lack of jurisdiction. Heindel's motion to file his appendix under seal is denied because the documents included in it are already part of the public record in the district court.

Entered for the Court

Terrence L. O'Brien
Circuit Judge