HARTZ, Circuit Judge,
concurring:
I agree that we lack jurisdiction to hear this appeal. In my view, (1) whenever the basis (or one of the bases) of remand is a determination that there has been a defect in removal procedure, we lack appellate jurisdiction; and (2) waiver by proceeding too fully in state court is such a defect. This standard is very close, perhaps identical in result, to the one adopted by the majority — namely, that we may “peek under the curtain of a district court’s characterization [of a remand as based on lack of unanimity] only to determine whether a remand order is actually based on a substantive merits determination rather than a procedural issue intrinsic to the remand question.” Op. at 807 (emphasis added). But because I arrive at my conclusion via a route different from the one taken by the majority, I will briefly describe my reasoning.
The governing statute states, “An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise,” except in certain civil-rights cases. 28 U.S.C. § 1447(d). Despite this broad language, the Supreme Court has “interpreted § 1447(d) to cover less than its words alone would suggest.” Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007). Beginning with Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the “Court has consistently held that § 1447(d) must be read in pari materia with § 1447(c), thus limiting the remands barred from appellate review by § 1447(d) to those that are based on a ground specified in § 1447(c).” Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 638, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009).
The current version of § 1447(c) provides:
A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
Before its amendment in 1996, §' 1447(c) contained the language “any defect in removal procedure,” id. § 1447(c) (1995), instead of “any defect other than lack of subject matter jurisdiction,” id. § 1447(c). Although the 1996 change would appear to expand the grounds for remand, the Supreme Court is not so sure. In Powerex it “assume[d] for purposes of [the] case that the amendment was immaterial to Therm-tron’s gloss on § 1447(d)” and thus the provision “precludefd] review only of remands for lack of subject-matter jurisdic *809 tion and for defects in removal procedure.” 551 U.S. at 229-30, 127 S.Ct. 2411. I will make the same assumption.
I would interpret defect in removal procedure to mean failure to comply with the procedural requirements of federal law. One such defect is waiver by litigation. Under the waiver-by-litigation doctrine, a defendant “waive[s] the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action, indicating a willingness to litigate in the state tribunal, before filing a notice of removal with the federal court.” 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3721, at 105 (4th ed.2009). The removing party’s disqualifying conduct is like untimely removal, which the Supreme Court has said is “precisely the type of removal defect contemplated by § 1447(c).” Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 128, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). In one case the remover lingers too long in state court; in the other, it lingers too lovingly. Whichever is the flaw, the removal is barred because of how the removing party has proceeded in its litigation.
The grounds for remand that the Supreme Court has held to be reviewable on appeal are readily distinguishable, because they involved no failure by the remover to comply with procedural requirements. The remand because of a crowded docket in Thermtron, 423 U.S. at 343-45, 351, 96 S.Ct. 584, was not based on conduct by the removing party. Neither was remand based on an abstention doctrine, see Quackenbush v. Allstate Ins., Co., 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), or on the district court’s decision to decline to exercise supplemental jurisdiction over state-law claims, see Carlsbad Tech., 556 U.S. at 638-39, 129 S.Ct. 1862.
Remand based on waiver by litigation is also distinguishable from remand based on a contractual choice-of-venue or forum-selection clause, which this court has held to be reviewable. See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921, 924 (10th Cir.2005); SBKC Serv. Carp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 581 (10th Cir.1997). Those grounds for remand are not failures to comply with federal procedural requirements.
I recognize that a divided panel of the Seventh Circuit held that it could review a remand based on waiver by litigation. See Rothner v. City of Chicago, 879 F.2d 1402 (7th Cir.1989). It said that § 1447(c) permitted remand only for lack of jurisdiction and failure to comply with statutory removal requirements, and that appellate review was barred only for remands belonging to one of those categories. See id. at 1407-16. But the language of § 1447(c) has since changed. The language applicable in Rothnet permitted remand only if “the case was removed improvidently” or “without jurisdiction.” Id. at 1406 n. 2 (internal quotation marks omitted). “Improvidence” is a vague standard that required difficult judicial construction. The present test — “defects in removal procedure” — is more precise; and I see no reason to construe it as referring only to violations of procedural requirements in the removal statutes. Procedure is an amalgam of statutes, rules, and judicial constructs. I would be surprised if Congress was thinking only of statutes and not the other components of the mix. Therefore, I would not follow the Seventh Circuit’s lead on this issue.